**RECEIVED**

JUN – 6 2022

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**
111 South 10th Street
St. Louis, MO. 63102
Phone: (314) 244-7900
Fax: (314) 244-7909

| | | |
|---|---|---|
| **LAWRENCE H. HOBBS**, | § | CIVIL ACTION COMPLAINT |
| | § | |
| Plaintiff, | § | |
| | § | No. _____ |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| **THE DOE RUN CORPORATION**, and | § | |
| The **UNITED STATES OF AMERICA**, | § | |
| as Respondent Superior to The Honorable | § | |
| **DEB HAALAND**, in her official capacity | § | |
| as The Secretary of the United States, | § | |
| Department of the Interior, Bureau of Land | § | Date: June 6th, 2022 |
| Management, and **TIMOTHY HOWELL**, | § | |
| **MITCHELL LEVERETTE**, and | § | |
| **JOHN/JANE DOE**(s), in their personal | § | |
| and individual capacities. | § | |
| | § | |
| Defendants, | § | |
| | § | |

**ATTACHMENT C-1**

**PLAINTIFFS COMPLAINT ASSERTING**

**VIOLATIONS OF HIS CIVIL RIGHTS**

**AND**

**TORTIOUS INTERFERENCE**

TO THE HONORABLE JUDGE OF SAID COURT:

*Hobbs v. Doe Run, et al,*
as Filed E.D. Mo. 06/06/22

COMES NOW the Plaintiff, LAWRENCE HOUSTON HOBBS, *Pro Se*, (hereinafter Plaintiff), and presents before this bar his "Complaint" and requesting to proceed, "*In Forma Pauperis*" (IFP), pursuant to *Federal Rules of Civil Procedure, Rule 8*, which requires a "*short, plain statement of facts*", which the Plaintiff has properly done so, in submitting before this bar, the United States District Court for the Eastern District of Missouri (E.D. Mo.), the following complaint asserting certain violations of his rights under the Constitution of The United States[1] and the applicable laws of that sovereignty and/or The State of Missouri[7] and the applicable laws of that sovereignty.

---

Footnotes: Repetitive Citations and Attributions
[1] All citations to United States Constitution are attributed to: https://constitution.congress.gov/constitution/
[2] All citations to United States Code are attributed to: https://uscode.house.gov/search/criteria.shtml
[3] All citations to United States Code of Federal regulations are attributed to:
https://www.govinfo.gov/help/cfr
[4] All citations to the Missouri Constitution, Missouri Revisor of Statutes, Rules of Civil Procedure, are attributed to: West (2021)
[5] Citation format predominately sourced from: https://tarlton.l w.utexas.edu/bluebook-legal-citation/overview
[6] Underlined "blue text" is a hyperlink to the internet source cited; "available at:" internet address
[7] All citations to the Constitution of the State of Missouri are attributed to:
https://www.sos.mo.gov/pubs/constitution
[8] All citations to Missouri statutes are attributed to: Missouri Revisor of Statutes,
https://revisor.mo.gov/main/Home.aspx

This "Original Complaint", herein after referred to as, "This Complaint", is a civil action arising under Federal law, for deprivation of Plaintiff's certain Federal constitutional civil rights, his Federal rights to be free from unlawful intervention in the performance of his duties as a Federal employee, and his statutory Federal and state-law rights, to be free from tortious interference with Plaintiffs employment related contractual agreements.

Additionally, This Complaint and its attachments, are respectfully submitted before this bar, based upon guidance documents and forms available to a *Pro Se* Plaintiff, as made available on the website for the Eastern District of Missouri (E.D. Mo.), Eastern Division, this instant Federal

Jurisdiction.

Therefore, said "Complaint" is presented herein and entitled as "*Plaintiffs Complaint of 06/06/22*" and referred herein after as "This Complaint" and in caption form as *"Hobbs v. Doe Run et al"*. This Complaint was concurrently filed with complimentary motions to permit him to proceed IFP, file electronically and use certain electronic devices (Efile) in the courtroom and other miscellaneous documents required pursuant to this Plaintiffs understanding of this Courts local rules. Said requests pursuant to the complimentary motions/petitions attached hereto, namely his motions to proceed "IFP" and "Efile", have been previously accepted by prior courts of Federal jurisdiction and thus, as established by precedence of the Federal Courts, should not be lawfully denied, when requested within this Court's jurisdiction.

## I.   **Introduction**

This Complaint instant, is brought forth pursuant to certain Federal and/or State laws, which makes it unlawful to violate the civil rights of a certain former Federal employee, namely the Plaintiff, to when he was employed as a Federal employee, enter into a conspiracy to interfere with the performance of his official duties, to enter into a conspiracy to interfere with his Federal contractual agreements pertinent to his employment, and to enter into a conspiracy to interfere with his contractual agreements for mediation of his employment disputes.

Those certain laws are also inclusive of the laws of the United States, emplaced to protect the Plaintiff from an unlawful frauds, deceits and criminal conviction, and liability was imputed when certain "employee/agents" of the entities identified herein, by unlawful conspiracy or coercion, violated those Federal rights of the Plaintiffs to effect one or more conspiracies to obstruct justice

and deny due process, based on ; invidious discrimination for purposes of retaliation pursuant to: 42 U.S. Code § 1985(1); 42 U.S. Code § 1985(2) ; 42 U.S. Code § 1985(3); Title 18, U.S.C., Section 242; 42 U.S. Code § 1986; 18 U.S.C. § 1621; 18 U.S. Code § 111; Section 115(a)(2) of Title 18; 36 CFR § 327.24; 18 U.S.C. § 1346; 25 CFR § 11.406; 18 U.S.C. 371; 18 U.S.C. § 1343; and 18 U.S. Code § 1341.

Said misconduct and/or unlawful conduct, as identified herein, violated multiple Federal laws, inclusive of, but not limited to, 18 U.S.C. § 1621, Perjury Generally, and said misconduct effectively constituted execution of, and/or attempted to execute  assaulting, resisting or impeding a Federal Official, pursuant to 18 U.S. Code § 111, Section 115(a)(2) of Title 18 covers threats against all Federal employees, including those covered by § 351, when such threat is done "with intent to impede, intimidate, or interfere with" such Federal employee "while engaged in the performance of official duties, or with intent to retaliate against" such Federal employee, and 36 CFR § 2.32 - Interfering with agency functions, 36 CFR § 327.24 - Interference with Government employees.

Also, said misconduct constituted "obstruction of justice", and "deprivation of honest government services" by a "scheme or artifice to defraud" the Plaintiff pursuant to 18 U.S.C. § 1346 , through coercion, as defined pursuant to 25 CFR § 11.406 and/or pursuant to 18 U.S.C. 371, "conspiracy to commit any other federal crime" with another party; and/or 42 U.S. Code § 1985 (2) and (3), "conspiracy to interfere with Plaintiffs civil rights" with another party and when materials and/or omissions of materials, were transmitted and/or were deliberately not transmitted, via email and US Postal mail, and therefore were violations of federal law pursuant to 18 U.S.C. § 1343 - Fraud by wire, radio, or television[2] and 18 U.S. Code § 1341 - Frauds and swindles.

At least one Defendant as specifically identified herein, submitted Perjurious, Libelous and Slanderous statements, made both orally and in writing, and additionally communicated electronically, as wire fraud communication, pursuant to 18 U.S.C. § 1343 - Fraud by wire, radio, or television, presenting said statements, before agency officials in the course of an official agency investigation, constituted deliberate violation of multiple Federal laws, inclusive of, but not limited to, 18 U.S.C. § 1621, Perjury Generally, and the Defendants multiple applicable oaths, inclusive of, but not limited to, 5 U.S.C. § 3331 - Oath of office, in failing to support the Constitution of the United States; and 28 U.S. Code § 544 - Oath of office; and collectively and effectively, pursuant to 18 U.S.C. § 1503, attempted to execute "obstruction of justice", and "deprivation of honest government services" by a "scheme or artifice to defraud" the Plaintiff pursuant to 18 U.S.C. § 1346 , through coercion, as defined pursuant to 25 CFR § 11.406 and/or pursuant to 18 U.S.C. 371, "conspiracy to commit any other federal crime" with another party; and/or 42 U.S. Code § 1985 (2) and (3), "conspiracy to interfere with Plaintiffs civil rights" with another party.

## A. Defendant 1- Doe Run Corporation

This Complaint instant complains of at least one individual person employed by and/or acting as a representative of the **DOE RUN CORPORATION**, referred to herein after as "**DOE RUN**', as a non-governmental business entity, wholly or partially owned by the entity entitled as: The Renco Group LLC, entering into a conspiracy with one or more other individual persons, also employed by, and/or representing **DOE RUN**, therefore as "agents" of **DOE RUN**, to violate the Plaintiffs certain civil rights pursuant to the First Amendment of the Constitution of The United States, and/or were violations of certain US statutory laws as identified herein. Said complaint is submitted before this bar pursuant to the doctrine of "Diversity of Citizenship".

This Complaint instant also complains of at least one individual person employed by, or representing **DOE RUN**, entering into a conspiracy with one or more other agents of **DOE RUN**, to interfere with the Plaintiffs certain contractual agreements, as applicable between the Plaintiff and his employer, pursuant to his certain contractual employment agreement rights, and his certain employment dispute mediation rights.

This Complaint instant, also complains of at least one individual person employed by or representing **DOE RUN**, entering into a conspiracy with one or more other individual persons, employed by the Plaintiffs former employer, the **UNITED STATES OF AMERICA** (**USA**), as "Respondent Superior", to the Executive Agency identified herein as the **US DEPARTMENT OF THE INTERIOR** (**DOI**), and it sub-governmental entity, the **US BUREAU OF LAND MANAGEMENT** (**BLM**), collectively referred to herein as, "**DOI-BLM**".

Pursuant to those certain contractual agreements, **DOE RUN**, through the actions of one or more agents, conspired to unlawfully interfere with Plaintiffs employment related agreements/contracts, and thus committed one or more unlawful acts of "tortious interference", inclusive of, but not limited to, pursuant to Restatement (Second) of Torts § 766 as: "*One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to a liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.*"

Pursuant to that same, like and/or related, and/or concurrent unlawful conduct, **DOE RUN**, therefore also committed "tortious interference" pursuant to, Restatement (Second) of Torts § 766A, which recognizes a claim for: "*intentional interference with another's performance of his own contract". Interference means intentional conduct that causes another to terminate or not to perform a contract, or that makes another's performance of a contract impossible or more difficult.*"

Likewise, pursuant to that same, like and/or related, and/or concurrent unlawful conduct, **DOE RUN**, therefore also committed "tortious interference", pursuant to Restatement (Second) of Torts § 766B. Tortious interference with prospective or anticipated contractual relations is defined in Section 766B of the Restatement (Second) of Torts as: *"[I]nducing or otherwise causing a third person not to enter into or continue the prospective relation or (b) preventing the other from acquiring or continuing the relation.*"

**DOE RUNS's** conduct was intentional, as its "employees/agents/representatives", collectively as "agents" of **DOE RUN,** in groups of two (2) or more persons, acted for the purpose, in whole or in part, of bringing about a particular result, and/or knowing his or her acts or words, were likely to bring about that result. The purpose for which the "agents" of **DOE RUN**, did act in conspiracy, was only for illegitimate purposes, that is namely to defraud the United States, pursuant to certain entitlements owed to the United States, as required under certain laws applicable to the Federal mineral estate, and unlawfully obstruct the Plaintiff, from performing his obligations as a Federal employee, that was namely, deterring said unlawful conduct, and/or to otherwise unlawfully harass, discriminate and retaliate against the Plaintiff, with specific intent to permanently nterfere with the Plaintiffs then current and future employment related contractual relationships. Though

pursuant to Federal and State doctrine, it is not necessary that a person act or speak with malice or ill will, but the presence of malice or ill will, may be considered in determining if the conduct is intentional.

## B. Defendant 2 – The United States, Department of the Interior, Bureau of Land Management

The Plaintiff also presents before this bar, pursuant to its Federal subject matter jurisdiction, the same, like and/or related, and/or concurrent, unlawful conduct, when one or more of the employee/agents of the **DOI-BLM**, entered into a conspiracy amongst themselves, and/or with one or more agents of **DOE RUN**, which were violations of either, the Plaintiffs certain civil rights, pursuant to the First Amendment of the Constitution of The United States, and/or The Privacy Act of 1974, as amended, 5 U.S.C. § 552a, and/or actionable under The Federal Tort Claims Act (August 2, 1946, ch.646, Title IV, 60 Stat. 812, 28 U.S.C. Part VI, Chapter 171 and 28 U.S.C. § 1346) (FTCA); and/or 29 U.S.C. Ch. 7 §§ 141-197, the Labor Management Relations Act of 1947; Pub. L. 80–101. (Commonly referred to as the Taft-Hartley Act), and/or 5 U.S.C. 2302(b)(8)-(9), Pub. L. 101-12 as amended, or more commonly referred to as the Whistleblower Protection Act of 1989, and/or were violations of certain other Federal statutory laws as identified herein.

The **DOI-BLM**'s employee misconduct was intentional, as its employees/agents, in groups of two (2) or more persons, acted for the purpose, in whole or in part, of bringing about a particular result, and/or knowing his or her acts or words, were likely to bring about that result. Though pursuant to Federal and State doctrine, it is not necessary that a person act or speak with malice or ill will, but the presence of malice or ill will, may be considered in determining if the conduct is intentional.

The purpose for which the "employee/agents" of the **DOI-BLM**, did act in conspiracy, was for no other legitimate purpose, other than to with deliberate malice of intent, to unlawfully harass, discriminate and retaliate against the Plaintiff, with specific intent to permanently interfere with the Plaintiffs then current and future employment relationships. That was to allow a private business entity to defraud the United Sates of its lawful entitlements, pursuant to certain entitlements owed to the United States, by **DOE RUN**, as required under certain laws applicable to the Federal mineral estate, and otherwise unlawfully obstruct the Plaintiff, from performing his obligations as a Federal employee, that was namely, deterring said unlawful conduct.

Such unlawful conduct, imputed agency liability upon the **DOI-BLM**, pursuant to the laws identified herein, inclusive of unlawful tort violations and unlawful employment harassment and retaliation, when the **DOI-BLM**, was negligent in preventing the unlawful conduct identified herein, when through several of its "employee/agents", inclusive of certain "employee/agents", in their capacity as an "alter ego" and/or "proxy", for the **DOI-BLM**.

Defendants identified herein, inclusive of Defendant **MITCHELL LEVERETTE**, in their capacity as an "alter ego" and/or "proxy", for the **DOI-BLM**, conspired with one or more other persons, within the **DOI-BLM** and with persons affiliated with **DOE RUN**, to execute unlawful violations of the Plaintiffs Federal civil rights pursuant to the First Amendment of the Constitution of The United States, and/or were violations of certain US statutory laws as identified herein, inclusive of, but not limited to, his rights to privacy under The Privacy Act of 1974, as amended, 5 U.S.C. § 552a, his equal employment rights as granted by the Whistleblower Protection Act of 1989 (WPA), and/or were violations of his certain contractual rights pertinent to his employment and performance of his duties, actionable under FTCA, and/or the Taft-Hartley Act.

## C. Defendants 3 through 21 – Timothy Howell, Mitchell Leverette, John Doe(s) #1-10 and Jane Doe(s) #11-21, US Bureau of Land Management

This Complaint is also brought forth pursuant to an implied cause of action, as established by *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U. S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619, and for certain Defendants identified herein specifically by name, and/or as currently unidentified and incorporated herein all things, as either **John and/or Jane Doe(s)**, for which the Plaintiff reserves the right to amend This Complaint, upon the full identification of all the responsible parties through discovery.

This Complaint instant is submitted before this bar pursuant to its personal jurisdiction over the individual persons identified herein, under the doctrine of "diversity of citizenship", and pursuant to the findings in *Bivens* (1999), when said Defendants, as co-conspirators executed the same, like and/or related, and/or concurrent, unlawful conduct.

Said unlawful conduct occurred when one or more of the specific Defendants identified by name herein, specifically inclusive of but not limited to the Defendants identified herein as **TIMOTHY HOWELL** and **MITCHEL LEVERETTE,** as employee/agents of the **DOI-BLM**, entered into a conspiracy amongst themselves, and/or with one or more agents of **DOI-BLM**, identified herein as, **John or Jane Doe(s)**, and/or with one or more agents of **DOE RUN**.

Said unlawful conspiratorial conduct, were violations of either, the Plaintiffs certain civil rights pursuant to the First Amendment of the Constitution of The United States, and/or The Privacy Act of 1974, as amended, 5 U.S.C. § 552a, the Whistleblower Protection Act of 1989 (WPA).

Also pursuant to the Plaintiffs certain contractual employment and mediation rights, their actions effected engagement, in multiple acts of employment harassment, discrimination, and retaliation, averse to the Plaintiff, based on either his race, color, national origin, sex, age, and reprisal for engaging in certain protected employment activity in violation of Pub. L. 88-352, 42 U.S.C. §§ 2000e to e-17 (2019) (as amended), as commonly referred to as Title VII of the Civil Rights Act of 1964 (Title VII), and/or the Age Discrimination in Employment Act of 1967 (ADEA), and/or the Lilly Ledbetter Fair Pay Act of 2009 (Pub. L. 111-2).

Thus, said Defendants, inclusive of, but not limited to, **TIMOTHY HOWELL** and **MITCHEL LEVERETTE**, entered into a conspiracy, to violate the Plaintiffs Federal constitutional rights, to commit "tortious interference" averse to the Plaintiffs certain Federal and/or State contractual employment related rights, pursuant to Restatement (Second) of Torts §§ 766, 766A and 766B, and to otherwise, unlawfully obstruct the Plaintiff in the execution of his duties as a Federal employee.

The Defendants, **JOHN DOE(S), JANE DOE(S), TIMOTHY HOWELL** and **MITCHEL LEVERETTE**, conduct was intentional, as in groups of two (2) or more persons, acted for the purpose, in whole or in part, of bringing about a particular result, and/or knowing his or her acts or words, were likely to bring about that result. Though pursuant to Federal and State doctrine, it is not necessary that a person act or speak with malice or ill will, but the presence malice or ill will, may be considered in determining if the conduct is intentional.

The purpose for which the Defendants, as "employee/agents" of the **DOI-BLM**, did act in conspiracy, was for no other legitimate purpose, other than to with deliberate malice of intent, to unlawfully harass, discriminate and retaliate against the Plaintiff, with specific intent to permanently interfere with the Plaintiffs, then current and future employment relationships, to allow a private business entity to defraud the United States of its lawful entitlements, pursuant to certain entitlements owed to the United States, as required under certain laws applicable to the Federal mineral estate, and otherwise unlawfully obstruct the Plaintiff, from performing his obligations as a Federal employee that was namely, deterring said unlawful conduct of **DOE RUN**, and/or mediating his employment disputes.

Such unlawful conduct, imputed individual and personal liability upon the Defendants, **JOHN DOE(S), JANE DOE(S), TIMOTHY HOWELL** and **MITCHEL LEVERETTE**, pursuant to the findings identified in *Bivens* (1999). Said liability includes the right to demand relief, in monetary and non-monetary forms, inclusive of such relief by declaratory judgement and/or injunctive relief.

## E. Factual Case Elements

A. Plaintiff, Lawrence Houston Hobbs, was employed by the Federal Government continuously from April of 2013 until June of 2019, pursuant to an original employment agreement/contract, subsequently modified by additional agreements/contracts and/or by amendments/modifications to prior existing contracts as executed thereafter; and

B. Pursuant to Plaintiffs initial employment agreement/contract, Plaintiff was employed as a Federal employee with the United States Department of the Interior (DOI), Bureau of Reclamation (USBR) until April of 2013, when Plaintiffs employment agreement/contract was either amended/modified or a new agreement/contract was executed, by completion of an inter-departmental transfer, to the Defendant Agency, the **US Dept. Interior, Bureau of Land Management (BLM)**; and

C. At the time of said transfer of employment to the **DOI-BLM** in April of 2013, Plaintiff, was a White/Caucasian male, of European descent, over the age of forty (>40), and had not knowingly suffered from unlawful harassment, discrimination and/or retaliation; and

D. Pursuant to those employment agreements/contracts, as amended/modified, Plaintiff and his employer entered into agreement on certain conditions of his employment, which included Plaintiffs responsibilities to provide certain Subject Matter Expertise (SME), for the purposes of making recommendations in support of lawful decision making, and when known or observed, to report certain official misconduct and other certain obligations; and

E. Pursuant to those employment agreements/contracts, as amended/modified, and Plaintiffs statutory rights as granted by Federal and/or State law, among his employer's constitutional, contractual and statutorily required responsibilities, was to keep the Plaintiffs workplace free from unlawful employment practices, inclusive of, but not limited to, prevention of unlawful harassment, discrimination, and retaliation; and

F. Pursuant to Plaintiffs initial employment agreement/contract with the **DOI-BLM**, Plaintiff's employment agreement/contract was amended/modified to a new duty position and duty location in Milwaukee WI., for which his amended/modified employment agreement, as pertinent to This Complaint instant, became fully effective upon his reporting for duty on or about January 29th, 2018; and

G. Pursuant to those employment agreements/contracts, as amended/modified, Plaintiff, was well qualified, had consistently received high performance ratings and rapid promotions of title, responsibility, and grade, until after reporting the official misconduct, inclusive of the unlawful conduct identified herein, after which Plaintiff began to be additionally harassed, discriminated and retaliated against by "employee/agents" of the **DOI-BLM**; and

H. After January 29th, 2018, the **DOI-BLM** was imputed agency liability, when executing multiple incidents of harassment, discrimination, and retaliation, when through certain "employee/agents" of the **DOI-BLM**, said "employee/agents" violated the Plaintiffs Federal constitutional civil rights, his Federal statutory equal employment rights and his Federal contractual rights; and

I. On or about the end of February 2018 and the commencement of March 2018, the Plaintiff was informed of **Doe Run Corporations** (**DOE RUN**), intent to acquire new and/or modify existing Federal mineral leases, as executed under the jurisdiction of the **US Department of the Interior, Bureau of Land Management** (**DOI-BLM**) and administered under the jurisdiction of the **DOI-BLM**, Northeastern States District Office, and for which, the Subject Matter Expertise (SME) held by the Plaintiff was hired to provide, and commenced doing so upon reporting for duty as identified herein; and

J. Pursuant to his SME, Plaintiff provided extensive recommendations to **DOE RUN** and the **DOI-BLM**, inclusive of Defendants, **TIMOTHY HOWELL** and **MITCHELL LEVERETTE**, re: the applicable lawful policies and procedures by which, existing leases could be modified and/or new leases could be acquired by **DOE RUN**, inclusive of, but not limited to, certain financial obligations, **DOE RUN**, would be required to comply with, pertinent to the economic value of the Federal mineral estate, and how that value could/should be calculated, for the Federal minerals **DOE RUN** wished to extract, under said new or modified leases; and

K. Pursuant and contrary to the Plaintiffs recommendations, the Plaintiff became informed that **DOE RUN**, had unlawfully conspired with and/or unlawfully coerced, certain **DOI-BLM** employees, to allow **DOE RUN**, to obtain said new or modified leases, at a dollar value significantly less than the value which would have been calculated by lawful means; and

L. Plaintiff, multiple times between approximately March of 2018 and June of 2019, informed one or more pertinent employees, supervisors and senior management of **DOI-BLM**, inclusive of but not limited to, **TIMOTHY HOWELL** and **MITCHELL LEVERETTE**, of the unlawful and criminally negligent valuation of the Federal mineral estate pursuant to the rights established in his employment contractual agreements and statutorily protected pursuant to the Whistleblower Protection Act of 1989 (WPA); and

M. Pursuant to 28 U.S. Code § 240(1)(b), notice was provided to the US Department of the Interior, the US Bureau of Land Management and The United States of America, as "Respondent Superior", of the Plaintiff's intent to sue the Defendants employing agency, pursuant to the written notice the Plaintiff's prior complaints provided, and this civil complaint, as an additional written notice, reaffirms in greater specificity; and

N. Thereafter, Plaintiff suffered from extensive additional harassment, discrimination and retaliation, which under the leadership of Defendant, **MITCHELL LEVERETTE**, whom was the Responsible Management Official (RMO), acting in his role as an "alter ego" and/or "proxy" for **DOI-BLM**, ultimately approved the unlawful, mineral valuation, pursuant to the wishes of **DOE RUN**, and averse to the interests of the United States; and

O. Thus, **MITCHELL LEVERETTE**, in conspiracy with **DOE RUN**, and one or more other Defendants of the **DOI-BLM**, unlawfully obstructed Plaintiffs efforts to deter unlawful conduct, which effected interference with Plaintiffs employment related contractual agreements and ultimately led to his removal from Federal Service and thus, the actions of each Defendant identified herein, collectively, interfered

with the Plaintiffs employment related contractual relationships and violated one of more of his civil rights; and

P. After January 29th, 2018, and more specifically, commencing in approximately March 2018, the collective of the Defendants identified herein, **DOE RUN**, and the **DOI-BLM** were imputed organizational and/or agency liability, and **TIMOTHY HOWELL** and **MITCHELL LEVERETTE,** were imputed personal and individual liability, pursuant to either Federal or State Tort law, for "tortious interference" when unlawfully, said employee/agents of the **DOI-BLM**, in conspiracy with agents of **DOE RUN**, executed "Interference with a person's own performance under a contract, which includes making the performance more expensive or burdensome pursuant to Restatement (Second) of Torts § 766A (1979)"; and/or executed "Interference with another's prospective contract pursuant to Restatement (Second) of Torts § 766B (1979)"; and/or execution of "tortious Interference" pursuant to Section 766 of the Restatement (Second) of Torts: "One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to a liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract."; and

Q. Pursuant to Plaintiffs complaint of official misconduct, a contractual and statutory right, he timely reported such misconduct, and was required to elect one, administrative mediation path, to mediate his claims of official misconduct, inclusive of incidents applicable to the WPA, selecting the administrative path though the Equal Employment Opportunity Commission (EEOC), and thus the Defendants collective actions, also interfered with that certain contractual relationship for employment dispute mediation services; and

R. Pursuant to the BLM investigative effort executed by and/or on behalf of the **DOI-BLM**, Defendant **TIMOTHY HOWELL,** provided perjurious testimony, relevant to the interactions with **DOE RUN** and therefore, Defendant **TIMOTHY HOWELL,** was imputed with personal and individual liability, for his self-admitted involvement in the initial fraudulent effort to conspire to deny the United States is entitlements, and for subsequently conspiring with others to obfuscate that conspiracy; and

S. Pursuant to the filing of this Complaint instant, on or about June 6th, 2022, this court was imputed personal jurisdiction to the claims asserted herein, and pursuant to the five (5) year statute of limitations under Missouri state law, for certain violations of tort, Plaintiff is unequivocally entitled to incorporate the tortious violations asserted to herein, in arrears, to on or about Tuesday, June 6th, 2017; and if required

T. The Plaintiff is also entitled to extend the tolling deadlines pursuant to the "Continuing-Tort Doctrine",

which provides the statute of limitations does not accrue until the tortious conduct ceases, which the Plaintiff shall affirm herein, as of June 2022, said unlawful conduct has not ceased, and/or the Plaintiff is entitled to extension under the doctrines of "Discovery" which would be inclusive of "Negligent Representation", of the **DOI-BLM**'s participation in the Equal Employment Opportunity Commission (EEOC) mediation process, and/or due to "Fraudulent Concealment", when the **DOI-BLM,** and **TIMOTHY HOWELL** and **MITCHELL LEVERETTE** knowingly falsified and/or omitted pertinent, EEO investigation testimony; and therefore

U. When the **DOI-BLM** violated the Plaintiffs rights under the  employment laws of the United States protecting whistleblowers, and/or violated his other Federal constitutional civil rights, thus **DOI-BLM's** unlawful conduct, which occurred after June 2018, pursuant to Plaintiffs subsequent EEO and grievance complaints, established the written notification requirements of an intent to sue for retaliatory misconduct, which was inclusive of multiple retaliatory incidents of "non-selection" and established a clear "pattern of practice" of harassment and retaliation, by the **DOI-BLM**; and

V. Said conduct is also admissible before this bar, pursuant to the "Continuing Violations Doctrine" as said conduct was unlawful pursuant to the **DOI-BLM's** Federal constitutional, contractual, and statutory obligations to the Plaintiff; and

W. Unequivocally presentable before this bar, is similar misconduct of the **DOI-BLM**, which was unlawfully executed based upon either his age, race, color, national origin, sex, and/or for engagement in certain protected activity, which occurred during the forty-five (45) days precedent to the filing of Plaintiffs first formal EEO Complaint, on or about April 18th, 2018, or specifically, Sunday, March 4th, 2018, and for the multiple formal EEO Complaints and EEO Complaint Amendments, as properly filed thereafter, which thus formally demarked the Plaintiff and the **DOI-BLM**, entering into the contractual and/or statutorily required administrative mediation process, as administered by the Equal Employment Opportunity Commission (EEOC), thereby effecting a tri-partite contractual agreement between those parties; and therefore

X. Plaintiff presents before this bar, for incidents which the **DOI-BLM**, between after June 2018, in addition to violating Plaintiffs contractual rights as asserted herein, **DOI-BLM** also violated Plaintiffs Federal rights under the US Constitution, and his rights under the whistleblowers protection laws of the United States, when the **DOI-BLM**, for the deliberate and malicious purposes of executing additional on-going harassment and retaliation, for which the Plaintiff properly filed certain additional complaints and an Administrative Grievance, for several additional unlawful incidents of employment retaliation, which included claims of on-going harassment, a hostile work environment and multiple additional unlawful non-selections, based upon his engagement in certain protected activity, namely reporting certain acts of fraud, waste and abuse, pursuant to conspiring with **DOE RUN**, as official misconduct which occurred

during this period; and

Y.  Plaintiff presents before this bar, for incidents which **DOE RUN**, in conspiracy with one or more agents of the **DOI-BLM**, commenced approximately March of 2018, and under the doctrine of "Continuing Torts" continues to be averse to the Plaintiff, in executing additional unlawful violations of those employment agreements/contracts, as amended/modified, breached its contract with the Plaintiff and committed additional acts of "tortious interference" pursuant to either Restatement (Second) of Torts § 766, § 766A and § 766B (1979), which became fully actionable under § 766B upon the Plaintiffs being extended an offer of employment, and was fully executed in November of 2018, and rescinded in June of 2019; and

Z.   Said offer of employment, with a duty station located in the State of Texas, County of Val Verde, and within commuting proximity to the city of Del Rio, became a "potential future contract" and DOI-BLM actions constituted "tortious interference" with that future contract pursuant to Restatement (Second) of Torts § 766B, when as a "constructive discharge", Plaintiff entered into an amended/modified employment agreement with the United States, to transfer to the Department of Defense (DOD), Department of the Airforce (USAF), collectively referred to herein as the DOD-USAF and Plaintiffs' certain Federal civil, equal employment and contractual rights remained under the continued protection of Federal law and certain new rights were subject to the jurisdiction of both Missouri and Texas state law; and

AA.      Upon full execution of said employment agreement, pursuant to Missouri law and Restatement (Second) of Torts § 766 § 766A, **DOI-BLM** , when **DOI-BLM**, consistent with the desires of **DOE RUN**, namely to prevent the disclosure of said conspiracy, committed "tortious interference" which was jurisdictionally was affirmed when said offer of employment became effective and fully executed, on or about November 11th, 2018, the date of his transfer of employment, and were affirmed by withholdings of his salary and benefits pursuant to Texas state law, and repeatedly reaffirmed on the subsequent dates the Plaintiff physically reported to his Texas duty location; established temporary residency in the State of Texas, County of Val Verde, City of Del Rio; obtained a Texas driver's license; and penultimately upon the Plaintiff obtaining permanent residency in the City of Del Rio; and

BB.      The Plaintiffs, state law employment contractual rights, under the applicable laws of the State of Missouri, also became jurisdictional in the State of Missouri, upon the Defendants interfering with the Plaintiff on-going contractual employment and mediation agreements, and for interference with current and future contracts, pursuant to §§ 766, 766A and 766B, upon the Plaintiffs requesting an admistrative hearing to mediate employment disputes pertinent to the unlawful allegation presented herein, and were carried forward, after an acceptance of an offer of employment, with a duty station located in the State of Texas, County of Val Verde, was made and was also carried forward, statutorialy and contractuall,

after his Federal employment termination in June of 2019 as ascribed to herein; and

CC.     Pursuant to those employment agreements/contracts, as amended/modified, and certain statutory requirements, the Defendant Agency, in addition to its obligations prior to November 11th, 2018, after said date, the DOI-BLM was obligated to cease and desist its harassing, discriminating and retaliating against the Plaintiff, which became effective on or about November 11th, 2018; and after which

DD.     The Defendant Agency, **DOI-BLM**, consistent with the desires of **DOE RUN**, to prevent the disclosure of said conspiracy, continued to unlawfully harass, discriminate, and retaliate against the Plaintiff, in violation of Federal, Missouri, Texas and Wisconsin state law, when the **DOI-BLM**, through certain employee/agents, inclusive of persons of a sufficiently high ranking to be imputed as an agency "proxy" and/or "alter ego":

a.   Violated the Plaintiffs rights to Free Speech; and

b.   Violated the Plaintiffs right to petition his government; and

c.   Attempted to unlawfully entrap or entice the Plaintiff into one or more criminal acts; and

d.   Issued the Plaintiff certain unlawful orders and/or instructions; and

e.   Unlawfully refused to transfer his employment records pursuant to the **DOI-BLM**'s statutory obligations to do so; and

f.   Unlawfully refused the Plaintiffs Freedom of Information Act (FOIA) requests for his employment records and other FOIA requests pertinent to his EEO Complaints of multiple non-selections; and

g.   Unlawfully threatened to make multiple unlawful personnel decisions, averse to the Plaintiff; and

h.   Unlawfully executed multiple unlawful personnel decisions, averse to the Plaintiff, without properly informing the Plaintiff of his rights of appeal; and

i.   Unlawfully executed multiple additional incidents of unlawful non-selections, based upon either his age, race, color, national origin, sex, and/or for engagement in certain protected activity; and

j.   Unlawfully violated the Plaintiffs rights under The Privacy Act of 1974, as amended, 5 U.S.C. § 552a; and

k.   Unlawfully harassed and threatened the Plaintiff at his new place of employment in the State of Texas; and

l.   Unlawfully made perjurious, false, libelous, slanderous and defamatory statements, averse to the Plaintiffs character, to achieve a common purpose, that was to injure and to cause harm for harm's sake and additional other unlawful purposes, to maliciously injure Plaintiffs reputation and trade, in his capacity as either a Professional Federal Employee, Professional Geologist, Professional Mining Professional Engineer and/or Professional Project Manager, when either employed as a public servant of the United States or another governmental entity and/or as a private citizen seeking employment within his professions, elsewhere; and

m.   Certain unlawful and perjurious statements, known to be perjurious, were unlawfully made to agency officials as part of the EEO formal investigation and affirmed by oath or signatory; and

n. Certain unlawful and perjurious statements, known to be perjurious, were unlawfully submitted in the Agency's EEO Investigative reports; and

o. Certain unlawful and perjurious statements, known to be perjurious, statements were presented to his employer the DOD-USAF; and

p. Certain unlawful and perjurious statements, known to be perjurious, were presented before law enforcement officers, and/or officers of the court, and/or before a grand jury in Val Verde County; and

q. Unlawfully executed a conspiracy to obtain criminal felony indictment and conviction, through the deliberate withholding of exculpatory, impeachment and mitigating evidence, and providing falsify testimony before a law enforcement official and/or officer of the court, and/or a properly seated grand jury, to unlawfully coerced said officials, and/or entered a criminal conspiracy with said officials, to execute a selective vindictive and malicious prosecution; and

r. Unlawfully committed "breach of contract" and "tortious interference", when **DOI-BLM** employee/agents, interfered with the contractual employment agreement, between the Plaintiff and the **DOI-BLM**; and

s. Unlawfully committed "tortious interference", when **DOI-BLM** employee/agents, interfered with potential future employment or mediation contracts inclusive of:
   i. Fifteen (15) specific known potential employment actions within the **DOI-BLM**; and
   ii. A specific, known potential employment action with the DOD-USAF; and
   iii. Two (2) specific, known potential mediation agreements with the EEOC; and
   iv. Potential unknown employment within the **DOI-BLM**; and
   v. Potential unknown employment external to the **DOI-BLM**; and
   vi. Potential unknown potential mediation agreements with the EEOC; and

t. Unlawfully committed "tortious interference", when **DOI-BLM** employee/agents, interfered with an existing employment and mediation contracts, inclusive of:
   i. A specific known employment agreement/contract with the DOD-USAF; and
   ii. Three (3) specific known mediation contracts with the EEOC; and

u. Unlawfully committed "breach of contract" and "tortious interference", when the **DOI-BLM**, entered into a conspiracy with the EEOC, to violate the Plaintiffs equal employment and civil rights; and

EE. Thus, for the items listed immediately above, the **DOI-BLM** again unlawfully interfered with its certain contractual and statutory obligations to the Plaintiff, under the jurisdiction of the laws of the States of Missouri, Texas, and Wisconsin, when **DOI-BLM**, consistent with the desires of **DOE RUN**, to prevent the disclosure of said conspiracy, continued to execute additional acts of "tortious interference" pursuant Restatement (Second) of Torts § 766 (1979); in addition to ongoing contractual interference, pursuant to Restatement (Second) of Torts § 766A and § 766B (1979); and

FF.     Thus, for the items list above, the **DOI-BLM**, became actionable under the jurisdiction of the laws of the State of Missouri, when **DOI-BLM**, continued to execute additional violations Plaintiffs state employment contractual rights; and

GG.     After said date of November 11th, 2018, the **DOI-BLM** unlawfully submitted perjurious testimony, dismissed certain EEO Complaints, and/or Complaint Amendments, and accepted only certain EEO Complaints, and/or EEO Complaint Amendments, for administrative investigation, pursuant to the requirements outlined in Title 29, Subtitle B, Chapter XIV, PART 1614 and the **DOI-BLM**, entitled the Plaintiffs accepted EEO Complaints and/or Complaint Amendments as: *BLM Agency Case Docket Number: BLM-19-0313*; and

HH.     Upon the DOI-BLM, reporting to the Plaintiff his rights to request a hearing pursuant to Title 29, Subtitle B, Chapter XIV, PART 1614, the Plaintiff did properly request a hearing before the EEOC which entitled his hearing request as: *EEOC Hearing No. 570-2020-00271X* ; and

II.     Upon the EEOC, unlawfully reporting to the Plaintiff his rights to request a hearing were denied, subject to certain appeal rights; and pursuant to those certain appeal rights, Plaintiff did properly file an appeal before the EEOC, which entitled his appeal request as: *EEOC OFO Appeal No. 2022000588*; and no appeal decision had been rendered to date for said appeal.; and

JJ.     Therefore, Plaintiff withdrew his request to administratively process his EEO Complaints for which his prior notifications were made between June 2018 and Monday, December 6th, 2021, and pursuant to 28 U.S. Code § 240(1)(b) effected written notice of an intent to sue the United States, and absent a lawful Agency response from the **DOI-BLM**, within six months, as identified herein and upon the filing of a civil action in the W.D. Tex., on or about May 27th, 2022, thereby effecting his rights to pursue certain claims through Federal litigation, made under the protections of the Whistleblower Protection Act of 1989 (WPA), and/or were violations of his certain contractual rights pertinent to his employment and performance of his duties, actionable under FTCA, and/or the Taft-Hartley Act.

## D. Introduction Summary

In summary review, This Complaint instant, is submitted before this bar, pursuant its subject matter jurisdiction over questions of Federal law pertinent to Plaintiffs Federal civil, statutory and contractual rights. Also, pursuant to this Courts personal jurisdiction, as imposed under the doctrine of "diversity of citizenship", this Complaint is presented before this bar, to address the

unlawful tortious interference with the Plaintiffs certain contractual agreements and violations of his contractual rights as established under the laws of the State of Missouri, and adversely effected by one or more residents of the State of Missouri, and/or a business organization, principally doing business within the state of Missouri, for actions which unlawfully deprived the United States of its Federal mineral interests, which are present within the geographic boundaries of the State of Missouri, and disbursement of those Federal entitlements, in part are distributed to certain governmental entities with said state.

Said complaint is brough forth, against the business and governmental identities identified herein, who were imputed agency liability, when as unlawful conduct was executed in conspiracy with others, by the certain Defendants, individually and personally identified herein, as employed by the entities identified herein, and as persons principally residing within, employed within and/or doing business with entities principally conducting business operations, within this judicial district.

That certain unlawful activity, when as executed by parties residing in and/or employed in this judicial district, and who originated and/or executed their unlawful conduct in violation of the laws of the State of Missouri, and within this judicial district, and was able to effectuate their misconduct through wire or mail fraud, originating and or being received within this judicial district's geographical boundaries, thus such unlawful conduct, imputed proper venue upon this District Court.

Under Missouri law, an action for tortious interference with a contract or business expectancy must be commenced within five years. *D'Arcy & Associates, Inc. v. K.P.M.G. Peat Marwick, L.L.P.*,

129 S.W.3d 25, 29 (Mo. Ct. App. 2004). Therefore, as the unlawful conduct identified herein commenced, on or about the end of February or the first of March 2018, and five years have not yet elapsed as pursuant to the applicable statute of limitations, allowing five (5) years in arrears, from the date of this filing, namely on or about, Tuesday, June 6th, 2017. Therefore, This Complaint is timely pursuant to applicable Missouri law.

Under 28 U.S.C. § 1915(e), the Court is required to accept a complaint filed *in forma pauperis* if it is not frivolous, malicious, or fails to state a claim upon which relief can be granted.

> "To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This Complaint instant exceeds those requirements, as the Plaintiff has demonstrated herein, a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Therefore, pursuant to Fed. R. Civ. P. 8(a)(2), This Complaint, gives fair notice of what the claim is and the grounds upon which it rests. The allegations presented herein, exceed the requirements of any doctrine of "plausibility" to suggest that the Plaintiff has a right to seek the relief, requested herein, inclusive of non-monetary relief in the form of certain declaratory judgements and/or injunctive relief, and his allegations have raised the possibility that said actions, are above a "speculative level".

Therefore, when reviewing This Complaint, this Court is required to accept as true, all of the well-

pleaded facts presented herein, and draw all reasonable inferences in favor of the Plaintiff, that as presented herein, said facts which demonstrate that the Defendant(s) have acted unlawfully, and said unlawful acts can be affirmatively proven upon presentment before a Federal judge or jury, and/or receipt of additional evidence obtained in discovery, for which Plaintiff is entitled to, and present his allegations and evidence before said judge or jury.

If he prevails in his arguments, the Plaintiff is entitled to certain pecuniary and non-pecuniary damages, currently estimated at $3,000,000.00. Said amount is greater than $75,000, and is appropriately estimated pursuant to a combination of factors, inclusive of, but not limited to; lost wages and benefits, currently accruing since November 10th, 2018, amounting to at least $500,000.00; plus a reasonable expectancy of lost future employment compensation and opportunities, at a compensation rate greater than his employment entitlements effective of said date amounting to at least $1.500,000.00; plus loss of Plaintiffs retirement funds in excess of $250,000.00, plus the lost accrued and future interest of said retirement funds; plus damages associated with his sufferings from emotional, physical and financial distress, is more than reasonably approximated at $3,000,000.00 or more.

Plaintiff is also entitled to one or more, declaratory judgements as relief, that one or more of the Defendants identified herein, inclusive of, but not limited to, certain Federal employees identified herein pursuant *Bivens*, who entered into a conspiracy to violate the Plaintiffs civil, statutory and/or contractual rights, and Plaintiff is therefore also entitled to injunctive relief, to order said parties to cease and desist in doing so, as follows:

## II. PARTIES, JURISDICTION AND VENUE

1)      This is an action brought forth under the United States Constitution pursuant to Plaintiffs

Federal civil rights pursuant to his First Amendment Rights to Free Speech and to Petition his

Government, and/or pursuant to his statutory rights as granted by the Whistleblowers Protection

Act of 1989, The Privacy Act of 1974, as amended, 5 U.S.C. § 552a; as violated by the collective

of Defendants identified herein; and

2)      This Court has subject matter jurisdiction of the action pursuant to 28 U.S.C. §§ 1331,

1332, 1343 and 1367; 18 U.S.C. §§ 242, 1621 and 25 CFR § 11.406(a)(2) and (3)[3]. A federal

district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States." See 28 U.S.C. § 1331; and

3)      Pursuant to certain Federal civil rights, the Defendant **DOI-BLM**'s conduct was unlawful

under Plaintiffs rights granted by the First, Fourth, Fifth, Sixth and Fourteenth Amendments [1,2,3,4,5]

and [6]. As violations of his Federal rights under the United States Constitution was inclusive of his

rights "equal protection" under the laws of the United States, inclusive of his rights to free speech

and petition his government, rights to due process, inclusive of knowing his accusers, be secure

from unreasonable searches and seizures of his property by the government and be protected from

against arbitrary arrests and other forms of surveillance, such as stop-and-frisk, safety inspections,

wiretaps, and/or violations of his rights under, privacy laws; and

4)      This is an action also brought pursuant to Plaintiffs employment contractual rights pursuant

to The Federal Tort Claims Act (August 2, 1946, ch.646, Title IV, 60 Stat. 812, 28 U.S.C. Part VI,

Chapter 171 and 28 U.S.C. § 1346) (FTCA); and/or 29 U.S.C. ch. 7 §§ 141-197, the Labor

Management Relations Act of 1947; Pub. L. 80–101. (Commonly referred to as the Taft -Hartley Act); and

5)      The Plaintiff shall demonstrate sufficiently herein, and in a trial upon the merits, he suffered certain deprivations of his rights, as established in the United States Constitution, and/or pursuant to certain Federal statutes, for which he is entitled, to proceed to present his "Complaint", and to seek additional discovery and present evidence, in its entirety before a jury seated in a Federal jurisdiction, alleging one or more violations of Federal law, and to seek relief and/or remedies, if he prevails in this cause; and

6)      Those certain Federal statutes are inclusive of unlawful invidious discrimination for purposes of retaliation pursuant to: 42 U.S. Code § 1985(1); 42 U.S. Code § 1985(2) ; 42 U.S. Code § 1985(3); Title 18, U.S.C., Section 242; 42 U.S. Code § 1986; 18 U.S.C. § 1621; 18 U.S. Code § 111; Section 115(a)(2) of Title 18; 36 CFR § 327.24; 18 U.S.C. § 1346; 25 CFR § 11.406; 18 U.S.C. 371; 18 U.S.C. § 1343; and 18 U.S. Code § 1341.; and

7)      Said misconduct and/or unlawful conduct, as identified herein, violated multiple Federal laws, inclusive of, but not limited to, 18 U.S.C. § 1621, Perjury Generally, and said misconduct effectively constituted execution of, and/or attempted to execute assaulting, resisting or impeding a Federal Official, pursuant to 18 U.S. Code § 111, Section 115(a)(2) of Title 18 covers threats against all Federal employees, including those covered by § 351, when such threat is done "with intent to impede, intimidate, or interfere with" such Federal employee "while engaged in the performance of official duties, or with intent to retaliate against" such Federal employee, and 36 CFR § 2.32 - Interfering with agency functions, 36 CFR § 327.24 - Interference with Government

employees; and

8)    Also, said misconduct constituted "obstruction of justice", and "deprivation of honest government services" by a "scheme or artifice to defraud" the Plaintiff pursuant to 18 U.S.C. § 1346 , through coercion, as defined pursuant to 25 CFR § 11.406 and/or pursuant to 18 U.S.C. 371, "conspiracy to commit any other federal crime" with another party; and/or 42 U.S. Code § 1985 (2) and (3), "conspiracy to interfere with Plaintiffs civil rights" with another party and when materials and/or omissions of materials, were transmitted and/or were deliberately not transmitted, via email and US Postal mail, and therefore were violations of federal law pursuant to 18 U.S.C. § 1343 - Fraud by wire, radio, or television[2] and 18 U.S. Code § 1341 - Frauds and swindles; and

9)    At least one Defendant as specifically identified herein, submitted Perjurious, Libelous and Slanderous statements, made both orally and in writing, and additionally communicated electronically, as wire fraud communication, pursuant to 18 U.S.C. § 1343 - Fraud by wire, radio, or television, presenting said statements, before agency officials in the course of an official agency investigation, constituted deliberate violation of multiple Federal laws, inclusive of, but not limited to, 18 U.S.C. § 1621, Perjury Generally, and the Defendants multiple applicable oaths, inclusive of, but not limited to, 5 U.S.C. § 3331 - Oath of office, in failing to support the Constitution of the United States; and 28 U.S. Code § 544 - Oath of office; and collectively and effectively, pursuant to 18 U.S.C. § 1503, attempted to execute "obstruction of justice", and "deprivation of honest government services" by a "scheme or artifice to defraud" the Plaintiff pursuant to 18 U.S.C. § 1346 , through coercion, as defined pursuant to 25 CFR § 11.406 and/or pursuant to 18 U.S.C. 371, "conspiracy to commit any other federal crime" with another party; and/or 42 U.S. Code § 1985 (2) and (3), "conspiracy to interfere with Plaintiffs civil rights" with another party.

10)     The Plaintiff has demonstrated sufficiently herein, he suffered certain deprivations of his

state  contractual rights, as established in the Constitution of the State of Missouri, and/or pursuant

to certain Missouri statutes, for which he is entitled, to proceed to present his "Complaint", in a

court of Federal jurisdiction, pursuant to the doctrine of "diversity of citizenship", and to seek

additional discovery and present evidence, in its entirety before a jury seated in this Federal

jurisdiction, alleging one or more violations of Missouri law, and to seek relief and/or remedies, if

he prevails in this cause; and


11)     This is an action brought forth before this bar by the Plaintiff, Lawrence H. Hobbs, and

requesting to proceed, as requested in complimentary motions to permit him to file electronically

and use certain electronic devices in the courtroom, as previously granted by other courts of

Federal jurisdiction; and


12)     This Complaint instant, herein after referred to as "*Hobbs v. Doe Run et al*", in short caption

form, who at all relevant times was, as Federal and/or former Federal employee, under certain

employment contractual agreements, pertinent to his employment and is currently residing within

the State of Texas, County of Comal, in an unincorporated rural area identified as Canyon Lake,

with his current contact information as:

> Lawrence H Hobbs *Pro Se*
> P.O. Box 1880/1300 FM 2673
> Canyon Lake, TX 78133-9998
> PH: 830-313-3591
> EMAIL: lhheeo@gmail.com

12)     The Defendant identified herein as The Doe Run Resources Corporation, known by the

trade name The Doe Run Company, is a privately held natural resources company and global

producer of lead, copper, and zinc concentrates. It owns four mills, six mines and a lead battery

recycling plant, all in southeast Missouri, United States, and a subsidiary Fabricated Products Inc. with locations in Arizona and Washington. It also owns two former primary lead smelter sites in the U.S. that are currently being remediated. Its known to fraudulently avoid its governmental obligations thus establishing a pattern of related unlawful conduct. It is wholly owned by The Renco Group, Inc. and service of process can be affected upon the Defendant at:

> The Doe Run Company
> Corporate Office
> c/o Matthew D. Wohl, President and Chief Executive Officer
> 1801 Park 270 Drive, Suite 300
> St. Louis, MO 63146
> (314) 453-7100

13)     Doe Runs Leadership, upon which its business organizational liability was imputed by the actions of the persons identified herein this paragraph, and/or persons under their leadership, as "alter egos" or "proxies", for **DOE RUN**, and its other representative agents engaged in this unlawful conduct, is inclusive of Matthew D. Wohl, President and Chief Executive Officer; Tony Bogolin, Executive Vice President – Finance, Chief Financial Officer and Treasurer; Brian Mangogna, Vice President – Mining and Milling; Crystal Saling, Vice President – Law and General Counsel; and

14)     The Renco Group LLC is a private firm working in the mining and manufacturing sector with Headquarters at One Rockefeller Plaza, New York, NY, USA Key people are Chair, CEO: Ira Rennert, President: Ari Rennert, VP Finance: Roger L. Fay, Owner Ira Rennert with Subsidiaries AM General LLC, Baron Drawn Steel Corporation, Doe Run Company, Doe Run Peru S.R.L. RG Steel Corp. (defunct), Unarco Material Handling, Inc., US Magnesium LLC Inteva Products Website www.rencogroup.net One Rockefeller Plaza, 29th Floor, New York, NY 10020 (212) 541-6000; and

15)   The Defendants identified herein as **TIMOTHY HOWELL** and **MITCHELL LEVERETTE**, and certain unidentified **John and/or Jane Doe(s)**, pursuant to their individual and personal liability as granted by *Bivens*, and therefore, the Defendant identified herein as **The United States of America**, as "Respondent Superior", to the Defendants employing Federal Agency, identified herein as the Defendant Agency entitled: **The United States, Department of the Interior**, **United States Bureau of Land Management**, are also imputed agency liability as stated herein.

16)   Service may be effectuated on the Defendants identified in the immediate preceding paragraph, by serving the Honorable DEB HAALAND, in her official capacity as Secretary, **US Department of the Interior**, by hand delivery and/or certified/registered mail, and/or electronic means, and/or by the US Marshalls service, and/or by other legal means, to the legal representatives of the **United States** as "respondent superior" and to its subordinate agencies, as identified herein below, to whom by which prior written notifications of intent to sue were properly submitted, pursuant to 28 U.S. Code § 240(1)(b) , when effected written notice of an intent to sue the United States, and absent a lawful Agency response from the **DOI-BLM**, within six months, was provided via the Plaintiffs original Administrative EEO and Grievance complaints of 2018 and 2019, and his other prior written notices, as served through multiple administrative, criminal or civil litigation judicial proceedings, made not less than six months prior to this instant complaint:

| **Attorney General of the United States at Washington, D.C.** **(AG-US)** | **United States Attorney's Office** **(USA-E. D. Mo. ED)** | **Solicitor -U.S. Department of the Interior, Bureau of Land Management** **(SOL-DOI-BLM)** |
|---|---|---|
| Attorney General of the United States Attn: Notice of Summons Federal Employee and/or Federal Agency c/o Civil Process Clerk | United States Attorney's Office Attn: U.S. Attorney Sayler A. Fleming c/o Civil Process Clerk Thomas Eagleton U.S. Courthouse | c/o U.S. Department of the Interior, Office of the Solicitor, Immediate Office of the Solicitor. Attn: Robert Anderson. |

| U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | 111 S. 10th Street, 20th Floor<br>St. Louis, MO 63102<br>Telephone: 314.539.2200<br>Fax: 314.539.2309<br>TDD: 314.539.7690 | 1849 C Street, NW<br>Washington, DC 20240,<br>Phone: 202-208-4423 |
| --- | --- | --- |
| | | |
| **Defendants 3 and 4** | **DOI Regional Solicitor** | **DOI Civil Rights** |
| **Firm Name**<br>**US Bureau of Land Management**<br><br>Timothy Howell<br>12738 County Road 3210<br>Rolla, MO 65401<br>573-4568-2099<br><br>Office<br>401 Fairgrounds Road<br>Rolla, MO, 65401<br>(414) 297-4565<br><br>Mitchell Leverette<br>13214 Amblewood Dr<br>Manassas, VA 20112<br>Prince William County<br>703-794-0913<br>bookgirl@citlink.net<br>dinoman@citlink.net<br><br>Office<br>BLM Eastern States State Office<br>5275 Leesburg Pike,<br>Falls Church, VA 22041<br>703-558-7754 | Cc:<br>US DOI Regional Solicitors Office<br>Attn: Frank Lupo<br>Bldg 1, Suite 200<br>2400 Louisiana Blvd NE<br>Albuquerque, NM 87110- 4303<br>(505) 248-5600 | Ccd:<br>US Dept. of the Interior, Office of<br>Diversity, Inclusion and Civil Rights<br>Attn: Erica White-Dunston Director,<br>ODICR<br>1849 C Street, NW<br>Washington, DC, 20240.<br>(202) 208-3413<br>https://www.doi.gov/pmb/eeo/contact-<br>us<br>doicivilrights@ios.doi.gov<br>erica_white-dunston@ios.doi.gov<br><br>ccd<br>Bureau of Land Management<br>Director, Office of Civil Rights<br>ATTN: La Shon D. Cole<br>(National Training Center)<br>9828 N 31st Avenue<br>Phoenix, AZ 85051<br>602-906-5537<br>LCOLE@BLM.GOV |
| | | |
| **Written Notice of Intent to Sue** | **Written Notice via EEOC Public<br>Portal** | |
| | | |

17)     The relief and/or remedies requested herein is inclusive of, but not limited to, monetary

pecuniary and non-pecuniary damages, as the Plaintiff is also entitled to either a determination by

Declaratory Judgment pursuant, to FRCP, Rule 57, or by a jury, that on the basis of the doctrine

of  "promissory estoppel", the Plaintiff,  as a party to either an employment agreement/contract,

and/or, an agreement/contract, statutorily or otherwise imposed upon the Plaintiff, to mediate

certain employment disputes, the Plaintiff may recover on the basis of a promise made, namely

that of honest and fair dealing, without the purpose of harassment, discrimination and retaliation,

prior to and during mediation, when the Plaintiffs' reliance on that promise was reasonable, and the Plaintiffs' attempting to recover, detrimentally relied on the promise, for which this court may order a speedy hearing of a declaratory-judgment action and/or allow to proceed to a trial before a jury upon its merits, and even if monetary pecuniary and non-pecuniary damages are foreclosed upon by certain immunities, the Plaintiff is still entitled to a judgement as a matter of course, that his civil and/or contractual rights were violated, for the purpose of preserving his personal and/or business reputations, if he prevails in this cause; and

18)     Likewise, if it is determined that certain Defendants identified herein have certain immunities, which precludes the Plaintiff from receiving monetary relief, the Plaintiff is entitled to a declaratory judgement that his civil and/or contractual rights were violated; and

19)     Likewise, if it is determined the judicial path forward is precedentially blocked due to varying interpretations of *Bivens* in the Federal courts, the Plaintiff is entitled to a declaratory judgement, that his civil and/or contractual rights were violated; and therefore

20)     Pursuant to the Plaintiffs *Pro Se* rights to have his complaints liberally construed, his prior written notices to the Federal Defendants and their representatives were properly notified of his Complaints, inclusive of the specific allegation asserted to herein, by multiple means including hand delivery, electronic and US Postal certified/registered mail, or via a request for waiver of service, with a copy of his Complaints attached.; and

21)     The Plaintiff has not received a response within six months, if required by any applicable statute, nor within sixty days allowed pursuant to similar litigation through requests for waiver of

service, and thus, pursuant to FRCP, the Plaintiff is entitled pursuant to Federal judicial precedent, and his *Pro Se* entitlement to complaint pleading, in addition to the FRCP, to cure any defect in process of service upon the United States, the Plaintiff is entitled to present this complaint instant, as additional notice of intent to sue; and thus

22)     That unlawful conduct, has irreparably injured the reputation of the Plaintiff, has precluded him from receiving the civil and contractual entitlements he deserves, causing said Plaintiff significant emotional, financial, and physical distress, for which there is a remedy in the forms of certain monetary and non-monetary relief as requested herein; and

23)     Federal law applicable to the Defendants' unlawful conduct, is inclusive of, but not limited to, unlawfully making, Perjurious, Libelous and Slanderous statements, made both orally and in writing, and additionally communicated electronically, as wire fraud communication, pursuant to 18 U.S.C. § 1343 - Fraud by wire, radio, or television, inclusive of presenting said statements, before a Federal tribunal, constituting deliberate violation of multiple Federal laws, inclusive of, but not limited to, 18 U.S.C. § 1621, Perjury Generally, and the Defendants multiple applicable oaths, inclusive of, but not limited to, 5 U.S.C. § 3331 - Oath of office, in failing to support the Constitution of the United States; and 28 U.S. Code § 544 - Oath of office; and collectively and effectively, pursuant to 18 U.S.C. § 1503, attempted to execute "obstruction of justice", and "deprivation of honest government services" by a "scheme or artifice to defraud" the Plaintiff pursuant to 18 U.S.C. § 1346; and

24)     Pursuant to the applicable Federal laws identified immediately above, the Defendants, unlawfully interfered with one or more contractual agreements, and/or such contracts in their

pendency, as established between the Plaintiff, the Defendants', individually and personally, and/or pursuant to the Plaintiffs employment agreements with the DOI-BLM and/or the United States Department of Defense (DOD), Department of the Air Force (USAF), collectively referred to herein after as DOD-USAF, and/or the Plaintiffs' employment mediation contract with the Equal Employment Opportunity Commission (EEOC), and/or any future contract for employment within and/or external to the Federal government; and

25)      Plaintiff, was at all relevant times, as a Federal employee and/or former Federal employee, and at least employed at one "Federal Duty Station", during a relevant period of time pertinent to this action; and

26)      As the Defendants, **TIMOTHY HOWELL** and **MITCHEL LEVERETTE**, could not have acted alone, said Defendant, either through unlawful coercion, as defined pursuant to 25 CFR § 11.406 executed his unlawful acts, and/or entered into one or more conspiracies, pursuant to 18 U.S.C. 371, "conspiracy to commit any other federal crime" with another party; and/or 42 U.S. Code § 1985 (2) and (3), "conspiracy to interfere with Plaintiffs civil rights" with another party; and

27)      It is asserted herein, The Defendant committed such acts, in his individual and personal capacity, and "acted" and/or "purported to act" under "color of law", imputed upon him as a sworn Federal employee, and committed certain acts identified herein, without and/or beyond the bounds of his lawful authority, in purporting to, and/or pretending to act in the performance of his official duties, but rather, acted and/or failed to act, solely for the purposes of harassment, discrimination, and retaliation. Said certain acts, therefore, were a violation of, Title 18, U.S.C., Section 242,

"Deprivation of Rights Under Color of Law", which deprived the Plaintiff of his Federal and State Constitutional and Contractual rights; and

28)      There is one or more Federal questions to be addressed before this bar, which arises under the either Constitution, laws, or treatises of the United States. See 28 U.S.C. § 1331. It is undisputed and/or indisputable, that the Plaintiff was at relevant times a Federal employee, subject to an employment agreement between him and one or more Federal Agencies, therefore engaged in an employment contract. It is also undisputed and/or indisputable, the Plaintiff was engaged in a "labor dispute" with one or more of his Federal employers as defined under 29 U.S. Code § 113 pursuant to those contracts. It is also undisputed and/or indisputable said "labor dispute", involved questions of certain Federal statutory rights and/or entitlements. It is also undisputed and/or indisputable, the Plaintiff was engaged in  "arbitration" or "mediation" of his "labor dispute", through an administrative process, which under certain conditions of his employment contract, required pursuit of relief, 1st through certain administrative "arbitration" remedies, as conducted by an "arbitration entity", entitled as: The Equal Employment Opportunity Commission (EEOC), followed by additional "arbitration" as conducted the  "arbitration entity", entitled as: The Merit Systems Protection Board (MSPB), and if "arbitration" fails in those forums, the Plaintiff bears a contractual and statutory right to litigate his employment dispute in the Federal Courts; and therefore

29)      The Plaintiff, therefore has one or more continuing and on-going contractual rights of entitlement, pursuant to the Defendants obligations, as a Federal employee, to the Plaintiff, as a former Federal employee and as a citizen of the United States, affirmed by either certain written or verbal oaths, therefore are contractual obligations between the Defendants and Plaintiff, and it

is undisputed and/or indisputable that the Plaintiff, and one or more of the Defendants identified herein, thus as two or more parties, have contractually entered into one or more enforceable contractual agreements, between themselves, and it is undisputed and/or indisputable that one or more contract rights of the Plaintiff therefore exists, and the Defendants unlawful conduct, as identified herein, interfered with one or more of those contractual rights; and

30)     The Plaintiff, therefore has one or more continuing and on-going contractual rights of entitlement, pursuant to his employment agreements, therefore as contractual obligations of his employers and a 3rd party, it is undisputed and/or indisputable that the Plaintiff and one or more of his employers have entered into "arbitration" with a 3rd party over a "labor dispute", and thus the parties have contractually entered into an enforceable contractual agreement, between themselves and a 3rd party, namely the EEOC, as a Federal statutorily defined, "arbitrator", it is undisputed and/or indisputable that a contract right exists and the Defendants unlawful conduct, as identified herein, interfered with those contractual opportunities; and

31)     The Plaintiff, therefore has one or more pending contractual rights of entitlement, pursuant to his employment agreements, therefore pending contractual obligations of both his employers and a 3rd party, it is undisputed and/or indisputable that the Plaintiff and one or more of his employers, have agreed to enter into future "arbitration" with a 3rd party, over a "labor dispute", and thus the parties have contractually entered into an enforceable contractual agreement between themselves and the 3rd party, namely the MSPB, as a Federal statutorily defined, "arbitrator" and said contractual agreement is in its pendency, as a future contractual obligation to be executed upon the completion of the contractual obligations of the EEOC, it is undisputed and/or indisputable, that a future contract right exists and the Defendants unlawful conduct, as identified

herein, interfered with those contractual opportunities; and

32)     The Plaintiff, therefore, has one or more pending contractual rights of entitlement, pursuant to his multiple employment agreements, therefore as pending contractual obligations between him and his employers, as federal agencies of the United States, for future employment, it is undisputed and/or indisputable that, a future contract right exists and the Defendants unlawful conduct, as identified herein, interfered with those contractual opportunities; and

33)     The Plaintiff, therefore, has one or more pending contractual rights of entitlement, pursuant to his efforts to obtain employment outside the Federal government, therefore as pending contractual obligations between him and his future employers, it is undisputed and/or indisputable that a future contract right exists, and the Defendants unlawful conduct, as identified herein interfered with those contractual opportunities; and

34)     In addition to the violation of the Plaintiffs Federal rights as ascribed to above, pursuant to the unlawful violations of Texas State law, this claim is submitted before this bar pursuant to "diversity of citizenship" between Plaintiffs state citizenship and residency, those being within the State of Texas, and the locale of where the unlawful activity was imputed upon the Plaintiff and was averse to him, which under the doctrine of "diversity of citizenship" of the judical jurisdictional "sovereignties", this Court being the "superior", and the claim requested herein exceeds $75,000.00, this amended complaint is respectfully submitted before this bar; and

35)     Pursuant to Fed. R. Civ. P. 8(a)(2), This Complaint gives fair notice of what, the claim is and the grounds upon which it rests. The allegations presented herein, exceed the requirements of

any doctrine of "plausibility" to suggest that the Plaintiff has a right to seek the relief, requested herein, and his allegations have raised the possibility that said actions, are above a "speculative level" and therefore, when reviewing This Complaint, the Court is required to accept as true, all of the well-pleaded facts presented herein, and draw all reasonable inferences in favor of the Plaintiff, that as presented herein, said facts which demonstrate that the Defendants/Co-Defendants have acted unlawfully, can be proven upon receipt of additional evidence in discovery for which he is entitled to, and present his allegations before a jury; and

36)     As pertinent to the allegations presented herein, there is considerable caselaw detailing the constitutional obligations and restraints of Federal agencies, and it is well-established that said agencies may not violate a person's constitutional rights, employment rights, and/or commit a fraud, upon them which leads to violation of those rights, simply because they dislike them or disagree with them or the verbal statements someone makes and/or to obtain a personal benefit, financial or otherwise. Constitutional violations motivated by personal animus and/gain are unconstitutional and the right to be free from retaliatory official misconduct is similarly well-established by precedent case law, inclusive of, but not limited to, law established pursuant to First Amendment Rights to Free Speech and to Petition the Government, and Pub. L. 88-352, 42 U.S.C. §§ 2000e to e-17 (2019) (as amended), as commonly referred to as Title VII of the Civil Rights Act of 1964 (Title VII), The Civil Rights Act of 1991 (Pub. L. 102-166) (CRA), the Age Discrimination in Employment Act of 1967 (ADEA), and/or the Lilly Ledbetter Fair Pay Act of 2009 (Pub. L. 111-2) .

37)     Pursuant to that misconduct, the Plaintiff timely filed multiple EEO Complaints and EEO Complaint Amendments, alleging on-going harassment, discrimination and retaliation, pursuant

to 29 C.F.R. § 1614.109, for which agency liability has been directly imputed by the actions of certain "employee/agents", and the Plaintiff is entitled to seek relief from the agency, as requested herein, pursuant to the agency liability for the unlawful conduct of its "employee/agents"; and

38)     Thus, it is alleged herein, one or more "employee/agents" of the DOI-BLM, violated the Plaintiffs Constitutional First Amendment Rights, for the purposes of deliberate and malicious harassment, discrimination, and retaliation; and entitled to the relief requested herein pursuant to other applicable statutes and/or applicable precedent case law; and

39)     Thus, it is alleged herein, one or more "employee/agents" of the **DOI-BLM**, and/or **DOE RUN**, unlawfully interfered with one or more of the Plaintiffs employment agreements and/or contracts, and/or one or more contracts to perform 3rd party mediation of the employment dispute, between the Plaintiff and the **DOI-BLM**, pursuant to Restatement (Second) of Torts §§ 766, 766A and 766B (1979), for Plaintiffs Federal and/or States rights, to be free from contractual interference or "tortious interference"; and

40)     The Agency identified herein as **DOI-BLM**, a Federal agency known to have a proclivity for violating the contractual, employment and civil rights of its employees, and through its negligence, failed to correct the conditions which have led to the execution of official misconduct averse to the Plaintiff identified herein; and therefore

41)     Plaintiff is entitled to additional tolling under the doctrine of "continuing tort doctrine" and or the doctrine of "continuing violations", as his prosecution was malicious and vindictive, and therefore, fraudulent, and also actively opposed by the Plaintiff. Therefore, said tolling

deadline was extended to at least November 2021 when the indictment identified herein was quashed and dismissed and his personal bond was returned. Also, as a continuing violation, additional unlawful conduct was identified by the Plaintiff, when an attorney-advisor of the **DOI-BLM**, was caught executing judicial misconduct between November 2021 and April 2022. Additionally, through discovery, it reasonable to assume it can be determined if one or more additional "frauds" upon the Plaintiff have been committed, and therefore imputing additional tolling time under the doctrine of the "discovery rule".

## COMPLAINT SUMMARY

In conclusion, as asserted in the paragraphs herein, **DOE RUN** was imputed organization liability, with its co-conspirator, **The DOI-BLM**, was imputed agency liability, when certain "employee/agents" of the **DOI-BL**M, conspired with one or more other persons representing **DOE RUN**, and/or unlawfully coerced one or more other persons, they violated the Plaintiffs rights pursuant to the protections provided to him in the Constitution of The United States[1], (1st, 4th, 5th, 6th, and 14th Amendments) and/or his contractual rights pursuant to the laws of the United States and/or the State of Missouri.

### Legal Claims

## LEGAL CLAIMS

### A. CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS

## COUNTS A-I through A-VIII:

**Count A-I: First Amendment of the US Constitution – Freedom of Speech**

**Count A-II: First Amendment of the US Constitution – Right to Petition**

**Count A-III: Fourth Amendment of the US Constitution – Unreasonable Search, Seizure and Arbitrary Arrest**

**Count A-IV: Fifth Amendment of the US Constitution – Right to Due Process**

**Count A-V: Sixth Amendment of the US Constitution – Right to Know and Confront Accuser**

**Count A-VI: Fourteenth Amendment of the US Constitution – Right to Equal Protection**

I. Each paragraph of this Complaint is incorporated as if restated fully herein; and

II. Two (2) or more Defendant's, acting in concert with each other, reached an agreement among themselves to deprive Plaintiff of his Federal constitutional rights pursuant to the First, Fourth, Fifth, Sixth and Fourteenth Amendments; and

III. In so doing, the Defendant was imputed individual and personal liability, when they conspired to accomplish an unlawful purpose by unlawful means, and these parties agreed among themselves, to protect one another from liability, pursuant to the following counts, for depriving Plaintiff of his:

   a. Count A-I: First Amendment of the US Constitution   Freedom of Speech

   b. Count A-II: First Amendment of the US Constitution   Right to Petition

   c. Count A-III: Fourth Amendment of the US Constitution   Unreasonable Search, Seizure and Arbitrary Arrest

   d. Count A-IV: Fifth Amendment of the US Constitution   Right to Due Process

   e. Count A-V: Sixth Amendment of the US Constitution   Right to Know and Confront Accuser

   f. Count A-VI: Fourteenth Amendment of the US Constitution - Right to Equal Protection

IV. In furtherance of the conspiracy, each of the Defendants committed overt acts and was an otherwise willful participant in joint activity; and

V. The misconduct described in these Counts was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiff and was also purposed for the "chilling effect" it would impose upon others similarly situated; and

VI. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated and he suffered injuries, including emotional and physical distress as well as financial harm; and

VII. Plaintiff's' sufferings and financial harms were caused by the actions and decisions of Defendant's employee agents, in their individual and/or official, policymaking capacities.

VIII. The misconduct described in this Count was undertaken pursuant to the unlawful and unwritten policies and practices of the DOI-BLM, in the manner more fully described too herein; and

# B. CONSPIRACY TO DEPRIVE

# WHISTLEBLOWING AND PRIVACY RIGHTS

**COUNT B-I: Conspiracy to violate the Whistleblower Protection Act of 1989 (WPA),**

**COUNT B-II: Conspiracy to violate the Privacy Act of 1974**

I. Each paragraph of this Complaint is incorporated as if restated fully herein; and

II. Two (2) or more Defendants, acting in concert with each other reached an agreement among themselves to deprive Plaintiff of his statutory rights, all as described in the various paragraphs of this Complaint; and

III.    In so doing, the Defendants were imputed personal liability, when Defendants, conspired to accomplish an unlawful purpose by unlawful means, and these parties agreed among themselves, to protect one another from liability for depriving Plaintiff of his rights pursuant to the <u>Whistleblower Protection Act of 1989</u> (WPA), and <u>The Privacy Act of 1974, as amended, 5 U.S.C. § 552a;</u> and

IV.    In furtherance of the conspiracy, each of the Defendants committed overt acts and was an otherwise willful participant in joint activity; and

V.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiff and was also purposed for the "chilling effect" it would impose upon others similarly situated; and

VI.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated and he suffered injuries, including emotional and physical distress as well as financial harm; and

VII.    Plaintiff's' sufferings and financial harms were caused by the actions and decisions of Defendant's employee agents, in their individual and/or official, policymaking capacities.

VIII.    The misconduct described in this Count was undertaken pursuant to the unlawful and unwritten policies and practices of the DOI-BLM, in the manner more fully described too herein; and

## C. CONSPIRACY TO DEPRIVE EQUAL EMPLOYMENT RIGHTS

## AND ESTABLISH A HOSTILE WORK ENVIRONMENT

### COUNTS C-I through C-IX:

**Count C-I:** <u>Discrimination on the Basis of Plaintiffs Age Pursuant to the ADEA</u>

**Count C-II:** <u>Discrimination on the Basis of Plaintiffs Sex Pursuant to Title VII</u>

**Count C-III:** <u>Discrimination on the Basis of Plaintiffs Race/Color/National Origin Pursuant to Title VII</u>

**Count C-IV:** <u>Discrimination on the Basis of Engagement in Protected Activity Pursuant to Title VII</u>

**Count C-V:** <u>Retaliation on the Basis of Engagement in Protected Activity Pursuant to The Whistleblowers Protection Act of 1989</u>

**Count C-VI:** Discrimination Pursuant to Title 29, Subtitle B, Chapter XIV, PART 1614, and/or ADEA and/or Title VII and/or Tex. Admin. Code, §819.129 for purposes of establishing a Hostile Work Environment

**Count C-VII:** Discrimination Pursuant to the Freedom of Information Act and/or 5 USC 552a(b) for Purposes of Retaliation Failed to Timely Provide the Plaintiff and his new employer, his employment records

**Count C-VIII:** <u>Discrimination Pursuant to Tex. Admin. Code, §819.129(a)(1)</u>

**Count C-VIX:** <u>Discrimination Pursuant to Tex. Admin. Code, §819.129(d)</u>

**Count C-VX:** <u>Discrimination Pursuant to Tex. Admin. Code, §819.129(e)</u>

**Count C-XI:** <u>Discrimination Pursuant to Tex. Admin. Code, §819.129(f)</u>

**Count C-XII:** Discrimination Pursuant to Tex. Admin. Code, §819.129(a)(1)

I. Each paragraph of this Complaint is incorporated as if restated fully herein; and

II. Two (2) or more of Defendant employees, acting in concert with each other reached an agreement among themselves to deprive Plaintiff of his Federal and State statutory equal employment rights to be free from acts of employment harassment, discrimination, and retaliation, averse to the Plaintiff, based on either his race, color, national origin, sex, age, and/or for reprisal for engaging in certain protected employment activity; and

III. In so doing, the Defendants were imputed personal liability, when Defendants conspired to accomplish an unlawful purpose by unlawful means, and these parties agreed among themselves, to protect one another from liability for depriving Plaintiff of his Federal equal employment rights as provided under Title 29, Subtitle B, Chapter XIV, PART 1614, and/or in violation of Pub. L. 88-352, 42 U.S.C. §§ 2000e to e-17 (2019) (as amended), as commonly referred to as Title VII of the Civil Rights Act of 1964 (Title VII), and/or the Age Discrimination in Employment Act of 1967 (ADEA), and/or the Lilly Ledbetter Fair Pay Act of 2009 (Pub. L. 111-2), and/or for retaliating against the Plaintiff pursuant to the Whistleblower Protection Act of 1989 (WPA), and The Privacy Act of 1974, as amended, 5 U.S.C. § 552a; and/or for depriving Plaintiff of his State equal employment rights in violation of Texas Administrative Code, Title 40; Part 20; Chapter 819; Subchapter B; Rule §819.12; Unlawful Employment Practices.

IV. When certain Defendants executed one or more unlawful incidents, averse to the Plaintiff, said Defendnats pursuant to the following counts, committed:

    a. Count C-I: Discrimination on the Basis of Plaintiffs Age Pursuant to the ADEA

    b. Count C-II: Discrimination on the Basis of Plaintiffs Sex Pursuant to Title VII

    c. Count C-III: Discrimination on the Basis of Plaintiffs Race/Color/National Origin Pursuant to Title VII

    d. Count C-IV: Discrimination on the Basis of Engagement in Protected Activity Pursuant to Title VII

    e. Count C-V: Retaliation on the Basis of Engagement in Protected Activity Pursuant to The Whistleblowers Protection Act of 1989

    f. Count C-VI: Discrimination Pursuant to Title 29, Subtitle B, Chapter XIV, PART 1614, and/or ADEA and/or Title VII and/or Tex. Admin. Code, §819.129 for purposes of establishing a Hostile Work Environment

    g. Count C-VII: Discrimination Pursuant to the Freedom of Information Act and/or 5 USC 552a(b) for Purposes of Retaliation Failed to Timely Provide the Plaintiff and his new employer, his employment records

    h. Count C-VIII: Discrimination Pursuant to Tex. Admin. Code, §819.129(a)(1)

    i. Count C-VIX: Discrimination Pursuant to Tex. Admin. Code, §819.129(d)

    j. Count C-VX: Discrimination Pursuant to Tex. Admin. Code, §819.129(e)

    k. Count C-XI: Discrimination Pursuant to Tex. Admin. Code, §819.129(f)

    l. Count C-XII: Discrimination Pursuant to Tex. Admin. Code, §819.129(a)(1)

V.     In furtherance of the conspiracy, each of the Defendants committed overt acts and was an otherwise willful participant in joint activity; and

VI.    The misconduct described in these Counts was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiff and was also purposed for the "chilling effect" it would impose upon others similarly situated; and

VII.   As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated and he suffered injuries, including emotional and physical distress as well as financial harm; and

VIII.  Plaintiff's' sufferings and financial harms were caused by the actions and decisions of Defendant's employee agents, in their individual and/or official, policymaking capacities. And

IX.    The misconduct described in this Count was undertaken pursuant to the unlawful and unwritten policies and practices of the DOI-BLM, in the manner more fully described too herein; and

## D. CONSPIRACY TO RETALIATE THROUGH
## OBSTRUCTION OF JUSTICE BASED ON INVIDIOUS DISCRIMINATION

### COUNTS D-I through D-XIV:

**Count D-I: Conspiracy to Interfere with Plaintiffs Civil Rights Pursuant to** 42 U.S. Code § 1985(1)

**Count D-II: Conspiracy to Interfere with Plaintiffs Civil Rights Pursuant to** 42 U.S. Code § 1985(2)

**Count D-III: Conspiracy to Interfere with Plaintiffs Civil Rights Pursuant to** 42 U.S. Code § 1985(3)

**Count D-IV: Conspiracy to Execute Deprivation of Rights Under Color of Law Pursuant to** Title 18, U.S.C., Section 242

**Count D-V: Conspiracy for Neglect to Prevent Pursuant to** 42 U.S. Code § 1986

**Count D-VI: Conspiracy to Commit Perjury Generally, Pursuant to** 18 U.S.C. § 1621,

**Count D-VII: Conspiracy to Impede a Federal Employee Pursuant to** 18 U.S. Code § 111

**Count D-VIII: Conspiracy to Retaliate Against a Federal Employee Pursuant to** Section 115(a)(2) of Title 18

**Count D-IX: Conspiracy to Interfere with Government Employee Pursuant to** 36 CFR § 327.24

**Count D-X: Conspiracy to Scheme to Defraud Pursuant to** 18 U.S.C. § 1346

**Count D-XI: Conspiracy to Criminally Coerce Pursuant to** 25 CFR § 11.406

**Count D-XII: Conspiracy to Commit any other Federal Crime Pursuant to** 18 U.S.C. 371

**Count D-XIII: Conspiracy to Commit Wire Fraud Pursuant to** 18 U.S.C. § 1343

**Count D-XIV: Conspiracy to Commit Mail Fraud and Pursuant to** 18 U.S. Code § 1341

I.     Each paragraph of this Complaint is incorporated as if restated fully herein; and

II.    Two (2) or more Defendants, acting in concert with each other reached an agreement among themselves to deprive Plaintiff of his statutory civil rights for the purposes of harassment, discrimination, and retaliation, averse to the Plaintiff, based on either his race, color, national origin, sex, age, and/or for reprisal for engaging in certain protected employment activity; and

III.   In so doing, the Defendants were imputed personal liability, when Defendants, conspired to accomplish an unlawful purpose by unlawful means, and these parties agreed among themselves, to protect one another

from liability for depriving Plaintiff of his rights in violation of Plaintiffs statutory rights pursuant to 42 U.S. Code § 1985 and/or Title 18, U.S.C., Section 242, as retaliation for the Plaintiff complying with the obligations of his employment agreement/contract, and/or exercising his First Amendment rights to free speech, and/or to petition his government, to address his grievances pertinent to his sufferings from unlawful conduct in the workplace; and

IV.     When certain Defendants executed one or more unlawful incidents, averse to the Plaintiff, in submitting false testimony, and/or omitting exculpatory mitigating and impeachment evidence before an officer of the court, and submitting false testimony under oath before a grand jury, said "employees/agents" pursuant to the following counts, committed:

     a.    Count D-I: Conspiracy to Interfere with Plaintiffs Civil Rights Pursuant to 42 U.S. Code § 1985(1)

     b.    Count D-II: Conspiracy to Interfere with Plaintiffs Civil Rights Pursuant to 42 U.S. Code § 1985(2)

     c.    Count D-III: Conspiracy to Interfere with Plaintiffs Civil Rights Pursuant to 42 U.S. Code § 1985(3)

     d.    Count D-IV: Conspiracy to Execute Deprivation of Rights Under Color of Law Pursuant to Title 18, U.S.C., Section 242

     e.    Count D-V: Conspiracy for Neglect to Prevent Pursuant to 42 U.S. Code § 1986

     f.    Count D-VI: Conspiracy to Commit Perjury Generally, Pursuant to 18 U.S.C. § 1621,

     g.    Count D-VII: Conspiracy to Impede a Federal Employee Pursuant to 18 U.S. Code § 111

     h.    Count D-VIII: Conspiracy to Retaliate Against a Federal Employee Pursuant to Section 115(a)(2) of Title 18

     i.    Count D-IX: Conspiracy to Interfere with Government Employee Pursuant to 36 CFR § 327.24

     j.    Count D-X: Conspiracy to Scheme to Defraud Pursuant to 18 U.S.C. § 1346

     k.    Count D-XI: Conspiracy to Criminally Coerce Pursuant to 25 CFR § 11.406

     l.    Count D-XII: Conspiracy to Commit any other Federal Crime Pursuant to 18 U.S.C. 371

     m.    Count D-XIII: Conspiracy to Commit Wire Fraud Pursuant to 18 U.S.C. § 1343

     n.    Count D-XIV: Conspiracy to Commit Mail Fraud and Pursuant to 18 U.S. Code § 1341

V.      Defendants, acting in concert with each other reached an agreement among themselves to deprive Plaintiff of his rights, all as described in the various paragraphs of this Complaint; and

VI.     In so doing, these Defendants and their Co-Conspirators, external to the DOI-BLM, conspired to accomplish an unlawful purpose by an unlawful means. In addition, these co-conspirators agreed among themselves to protect one another from liability for depriving Plaintiff of these rights; and

VII.    In furtherance of the conspiracy, each of the Defendants and Co-Conspirators committed overt acts and was an otherwise willful participant in joint activity; and

VIII.   The conspiracy between Defendants and the other Co-Conspirators set forth above, and the actions taken in furtherance thereof, were motivated by animus on the basis of race, sex, age and for engagement in prior protected activity; and

IX.    Specifically, working in concert with these others, Defendants and Co-Conspirators targeted the Plaintiff as an individual, and belonging to his protected class as white, sex as male and his age, as over 40, and as a person having engaged in prior protected activity, due to their personal and collective animus, against persons of that racial, gender and age profile, and their perception of that profile group, that, being such persons, are not entitled to be free from discrimination, for prior wrongs inflicted, upon more traditional groups on the basis of their skin color, and/or their gender, and/or age, by others in the Plaintiffs profile group. Thus, by executing retaliation against the Plaintiff, they sought "social justice" for the misconduct of others, not based on any actions of the Plaintiff, but rather based on the tidal wave of current events, particularly related to accusations of sexual misconduct; and

X.    Specifically, working in concert with these others, Defendants and Co-Conspirators targeted the Plaintiff as an individual, for his participation in prior protected activity, that is namely, reporting official misconduct, inclusive of discriminatory misconduct, on the basis of race and national origin; and

XI.    The misconduct described in these Counts was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiff and was "chilling effect" to others similarly situated; and

XII.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated and he suffered injuries, including emotional distress and financial harm; and

XIII.    Plaintiff's' sufferings and financial harms were caused by the actions and decisions of Defendants "employees/agents" acting in their individual and/or official, policymaking capacities.

XIV.    The misconduct described in this Count was undertaken pursuant to unwritten policies and practices of the DOI-BLM as ascribed to herein.

## E. CONSPIRACY TO COMMIT
## TORTIOUS INTERFERENCE,
## BAD FAITH AND UNFAIR DEALING

**COUNTS ED-I through E-XVI:**

**Count E-I: Conspiracy to Commit Breach of Contract, Between Plaintiff and DOI-BLM**

**Count E-II: Conspiracy to Commit Tortious Interference Between Plaintiff and DOI-BLM Pursuant to Restatement (Second) of Torts § 766**

**Count E-III: Conspiracy to Commit Tortious Interference Between Plaintiff and DOI-BLM Pursuant to Restatement (Second) of Torts § 766A**

**Count E-IV: Conspiracy to Commit Tortious Interference Between Plaintiff and DOI-BLM Pursuant to Restatement (Second) of Torts § 766B**

**Count E-IV: Conspiracy to Commit Tortious Interference Between Plaintiff and Other Federal Employers Pursuant to Restatement (Second) of Torts § 766B**

**Count E-IV: Conspiracy to Commit Tortious Interference Between Plaintiff and Other Non-Federal Employers Pursuant to Restatement (Second) of Torts § 766B**

*Hobbs v. Doe Run, et al,*
as Filed E.D. Mo. 06/06/22
        Page **45** of **56**

**Count E-V: Conspiracy Commit Tortious Interference Between Plaintiff and DOD-USAF Pursuant to Restatement (Second) of Torts § 766**

**Count E-VI: Conspiracy to Commit Tortious Interference Between Plaintiff and DOD-USAF Pursuant to Restatement (Second) of Torts § 766A**

**Count E-VII: Conspiracy to Commit Tortious Interference Between Plaintiff and DOD-USAF Pursuant to Restatement (Second) of Torts § 766B**

**Count E-VIII: Conspiracy to Commit Tortious Interference Between Plaintiff and EEOC 570-2020-00271X Pursuant to Restatement (Second) of Torts § 766**

**Count E-IX: Conspiracy to Commit Tortious Interference Between Plaintiff and EEOC 570-2020-00271X Pursuant to Restatement (Second) of Torts § 766A**

**Count E-X: Conspiracy to Commit Tortious Interference Between Plaintiff and EEOC 2022000588 Pursuant to Restatement (Second) of Torts § 766**

**Count E-XI: Conspiracy to Commit Tortious Interference Between Plaintiff and EEOC 2022000588 Pursuant to Restatement (Second) of Torts § 766A**

**Count E-XII: Conspiracy to Commit Tortious Interference Between Plaintiff and EEOC 570-2020-00612X Pursuant to Restatement (Second) of Torts § 766**

**Count E-XIII: Conspiracy to Commit Tortious Interference Between Plaintiff and EEOC 570-2020-00612X Pursuant to Restatement (Second) of Torts § 766A**

**Count E-XII: Conspiracy to Commit Tortious Interference Between Plaintiff and DOI-BLM Pursuant to Restatement (Second) of Torts § 766**

**Count E-XIII: Conspiracy to Commit Tortious Interference Between Plaintiff and DOI-BLM Pursuant to Restatement (Second) of Torts § 766**

**Count E-XIV: Conspiracy to Enter into Contract without Good Faith and Fair Dealing between Plaintiff and DOI-BLM**

**Count E-XV: Conspiracy to Enter into Contract without Good Faith and Fair Dealing between Plaintiff, DOI-BLM and DOD-USAF**

**Count E-XVI: Conspiracy to Enter into Contract without Good Faith and Fair Dealing between Plaintiff, DOI-BLM and EEOC**

I.     Each paragraph of this Complaint is incorporated as if restated fully herein; and

II.     Two (2) or more Defendants, acting in concert with each other reached an agreement among themselves to deprive Plaintiff of his contractual rights as established in his employment agreements and mediation agreements by entering into said agreements with the intent of bad faith and unfair dealing, and executed tortious interference pursuant to Restatement (Second) of Torts § 766, § 766A and§ 766B. the purposes of harassment, discrimination, and retaliation, averse to the Plaintiff, based on either his race, color, national origin, sex, age, and/or for reprisal for engaging in certain protected employment activity; and

III.     In so doing, the Defendants were imputed personal liability, when Defendants, conspired to accomplish an unlawful purpose by unlawful means, and these parties agreed among themselves, to protect one another from liability for depriving Plaintiff of his rights in violation of Plaintiffs Federal and State contractual rights

pursuant to Restatement (Second) of Torts § 766, § 766A and§ 766B, as retaliation for the Plaintiff complying with the obligations of his employment agreement/contract, and/or exercising his First Amendment rights to free speech, and/or to petition his government, to address his grievances pertinent to his sufferings from unlawful conduct in the workplace; and

IV.     When certain Defendants executed one or more unlawful violations of said agreements/contracts, averse to the Plaintiff, said "employees/agents" pursuant to the following Counts, committed:

    a.   Count E-I: Conspiracy to Commit Breach of Contract, Between Plaintiff and DOI-BLM

    b.   Count E-II: Conspiracy to Commit Tortious Interference Between Plaintiff and DOI-BLM Pursuant to Restatement (Second) of Torts § 766

    c.   Count E-III: Conspiracy to Commit Tortious Interference Between Plaintiff and DOI-BLM Pursuant to Restatement (Second) of Torts § 766A

    d.   Count E-IV: Conspiracy to Commit Tortious Interference Between Plaintiff and DOI-BLM Pursuant to Restatement (Second) of Torts § 766B

    e.   Count E-IV: Conspiracy to Commit Tortious Interference Between Plaintiff and Other Federal Employers Pursuant to Restatement (Second) of Torts § 766B

    f.   Count E-IV: Conspiracy to Commit Tortious Interference Between Plaintiff and Other Non-Federal Employers Pursuant to Restatement (Second) of Torts § 766B

    g.   Count E-V: Conspiracy Commit Tortious Interference Between Plaintiff and DOD-USAF Pursuant to Restatement (Second) of Torts § 766

    h.   Count E-VI: Conspiracy to Commit Tortious Interference Between Plaintiff and DOD-USAF Pursuant to Restatement (Second) of Torts § 766A

    i.   Count E-VII: Conspiracy to Commit Tortious Interference Between Plaintiff and DOD-USAF Pursuant to Restatement (Second) of Torts § 766B

    j.   Count E-VIII: Conspiracy to Commit Tortious Interference Between Plaintiff and EEOC 570-2020-00271X Pursuant to Restatement (Second) of Torts § 766

    k.   Count E-IX: Conspiracy to Commit Tortious Interference Between Plaintiff and EEOC 570-2020-00271X Pursuant to Restatement (Second) of Torts § 766A

    l.   Count E-X: Conspiracy to Commit Tortious Interference Between Plaintiff and EEOC 2022000588 Pursuant to Restatement (Second) of Torts § 766

    m.   Count E-XI: Conspiracy to Commit Tortious Interference Between Plaintiff and EEOC 2022000588 Pursuant to Restatement (Second) of Torts § 766A

    n.   Count E-XII: Conspiracy to Commit Tortious Interference Between Plaintiff and EEOC 570-2020-00612X Pursuant to Restatement (Second) of Torts § 766

    o.   Count E-XIII: Conspiracy to Commit Tortious Interference Between Plaintiff and EEOC 570-2020-00612X Pursuant to Restatement (Second) of Torts § 766A

    p.   Count E-XII: Conspiracy to Commit Tortious Interference Between Plaintiff and DOI-BLM Pursuant to Restatement (Second) of Torts § 766

      q.    Count E-XIII: Conspiracy to Commit Tortious Interference Between Plaintiff and DOI-BLM Pursuant to Restatement (Second) of Torts § 766

      r.    Count E-XIV: Conspiracy to Enter into Contract without Good Faith and Fair Dealing between Plaintiff and DOI-BLM

      s.    Count E-XV: Conspiracy to Enter into Contract without Good Faith and Fair Dealing between Plaintiff, DOI-BLM and DOD-USAF

      t.    Count E-XVI: Conspiracy to Enter into Contract without Good Faith and Fair Dealing between Plaintiff, DOI-BLM and EEOC

V.    Defendants, acting in concert with each other reached an agreement among themselves to deprive Plaintiff of his rights, all as described in the various paragraphs of this Complaint; and

VI.    In so doing, these Defendants and their Co-Conspirators, external to the DOI-BLM, conspired to accomplish an unlawful purpose by an unlawful means. In addition, these co-conspirators agreed among themselves to protect one another from liability for depriving Plaintiff of these rights; and

VII.    In furtherance of the conspiracy, each of the Defendants and Co-Conspirators committed overt acts and was an otherwise willful participant in joint activity; and

VIII.    The conspiracy between Defendants and the other Co-Conspirators set forth above, and the actions taken in furtherance thereof, were motivated by animus on the basis of race, sex, age and for engagement in prior protected activity; and

IX.    Specifically, working in concert with these others, Defendants and Co-Conspirators targeted the Plaintiff as an individual, and belonging to his protected class as white, sex as male and his age, as over 40, and as a person having engaged in prior protected activity, due to their personal and collective animus, against persons of that racial, gender and age profile, and their perception of that profile group, that, being such persons, are not entitled to be free from discrimination, for prior wrongs inflicted, upon more traditional groups on the basis of their skin color, and/or their gender, and/or age, by others in the Plaintiffs profile group. Thus, by executing retaliation against the Plaintiff, they sought "social justice" for the misconduct of others, not based on any actions of the Plaintiff, but rather based on the tidal wave of current events, particularly related to accusations of sexual misconduct; and

X.    Specifically, working in concert with these others, Defendants and Co-Conspirators targeted the Plaintiff as an individual, for his participation in prior protected activity, that is namely, reporting official misconduct, inclusive of discriminatory misconduct, on the basis of race and national origin; and

XI.    The misconduct described in these Counts was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiff and was "chilling effect" to others similarly situated; and

XII.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated and he suffered injuries, including emotional distress and financial harm; and

XIII.    Plaintiff's' sufferings and financial harms were caused by the actions and decisions of Defendants "employees/agents" acting in their individual and/or official, policymaking capacities; and

XIV.    The misconduct described in these Counts were undertaken pursuant to unwritten policies and practices of the DOI-BLM as ascribed to herein; and

XV.    The above unlawful activity is also actionable under The Federal Tort Claims Act (August 2, 1946, ch.646, Title IV, 60 Stat. 812, 28 U.S.C. Part VI, Chapter 171 and 28 U.S.C. § 1346) (FTCA); and/or 29 U.S.C. ch. 7 §§ 141-197, the Labor Management Relations Act of 1947; Pub. L. 80–101. (Commonly referred to as the Taft-Hartley Act) or other applicable Federal or State laws, by which this Complaint instant may be amended to include.

## F. UNLAWFUL DEFAMATION, LIBEL, PERJURY, SLANDER

## AND VIOLATION OF OATHS OF OFFICE

## INJURIOUS TO THE REPUTATION AND CHARACTER

## OF THE PLAINTIFF

**COUNTS F-I through F-VIII:**

**Count F-I: Unlawful Libel**

**Count F-II: Unlawful Slander**

**Count F-III: Unlawful Defamation**

**Count F-IV: Unlawful Perjury**

**Count F-V: Failure to Hold Oath of Office Pursuant to 5 U.S.C. § 3331**

**Count F-V: Failure to Hold Oath of Office Pursuant to 28 U.S. Code § 544**

I.    Each paragraph of this Complaint is incorporated as if restated fully herein; and

II.    One or more Defendants, acting unilaterally and/or in concert with each other, and if acting in concert, reached an agreement among themselves to libel, slander or defame the Plaintiff, which pursuant to Texas Civil Practice & Remedies Code section 73.001, defines as a defamatory statement that is expressed in written or other graphic form (including online), and that "tends to injure a living person's reputation" and the statements or omissions exposed the Plaintiff to "public hatred, contempt or ridicule, or financial injury", or calls into question the subject's "honesty, integrity, virtue, or reputation", all as described in the various paragraphs of this Complaint; and

III.    One or more Defendants, acting unilaterally and/or in concert with each other, and if acting in concert, reached an agreement among themselves to commit perjury and violate certain oaths of office, which pursuant 18 U.S.C. § 1621, Perjury Generally, and the Defendants multiple applicable oaths, inclusive of, but not limited to, 5 U.S.C. § 3331 - Oath of office, in failing to support the Constitution of the United States; and 28 U.S. Code § 544 - Oath of office, was injurious to the Plaintiff; and

IV.    Defendant's conduct was motivated by discriminatory animus and constituted purposeful harassment, discrimination, retaliation and it also affected Plaintiff in a grossly disproportionate manner as compared to similarly situated individuals of different skin color, and/or gender and/or age and/or for their prior engagement in protected activity; and

*Hobbs v. Doe Run, et al,*
as Filed E.D. Mo. 06/06/22

V.    In so doing, the Defendants were imputed individual and personal liability, when they either acted unilaterally and/or conspired to accomplish an unlawful purpose by unlawful means, and these parties agreed among themselves, to protect one another from liability, pursuant to the following counts, for depriving Plaintiff of his:

        I.    Count F-I: Unlawful Libel

        II.    Count F-II: Unlawful Slander

        III.    Count F-III: Unlawful Defamation

        IV.    Count F-IV: Unlawful Perjury

        V.    Count F-V: Failure to Hold Oath of Office Pursuant to 5 U.S.C. § 3331

        VI.    Count F-V: Failure to Hold Oath of Office Pursuant to 28 U.S. Code § 544

VI.    In furtherance of the conspiracy, each of the Defendants committed overt acts and was an otherwise willful participant in joint activity; and

VII.    The misconduct described in these Counts was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiff and was also purposed for the "chilling effect" it would impose upon others similarly situated; and

VIII.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated and he suffered injuries, including emotional and physical distress as well as financial harm; and

IX.    Plaintiff's' sufferings and financial harms were caused by the actions and decisions of Defendant's employee agents, in their individual and/or official, policymaking capacities.

The misconduct described in this Count was undertaken pursuant to the unlawful and unwritten policies and practices of the DOI-BLM, in the manner more fully described too herein; and

## G. FAILURE TO INTERVENE

## Count G-I:

I.    Each paragraph of this Complaint is incorporated as if restated fully herein; and

II.    In the manner described in this Complaint, Defendants had knowledge that conspiratorial wrongs were about to be committed; and

III.    Each of the Defendants had the power to prevent or aid in preventing the commission of those wrongs; and

IV.    Defendants neglected to prevent or aid in preventing these wrongful acts where the wrongful acts were committed and could have been prevented by reasonable diligence; and

V.    As a direct and proximate result of the conduct referenced above, Plaintiffs rights were violated, and he suffered injuries, including emotional and physical distress and financial harm, and.

VI.    As a further consequence of these deprivations, Plaintiff was required to expend funds to retain counsel to represent him, and upon a determination he could not afford their services, due in no small part to the conspiracy identified herein, he has incurred significant expenses associated with advocating his innocence inclusive of this instant case.

## H. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## COUNT H-I:

I.   Each paragraph of this Complaint is incorporated as if restated fully herein; and

II.  In the manner described in this Complaint, Defendants engaged in extreme and outrageous conduct; and

III. Defendants' actions set forth above were rooted in an abuse of power or authority; and

IV.  Defendants' actions set forth above were undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional, physical and financial distress up to and inclusive of death, as self-inflicted to ease the pain and suffering and with reckless disregard of that probability; and

V.   Defendants' actions set forth above were undertaken with malice, willfulness, and reckless indifference to the rights of others; and

VI.  Defendants' conduct intentionally or recklessly caused severe emotional distress to another.

## I. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## COUNT I-I:

I.   Each paragraph of this Complaint is incorporated as if restated fully herein; and

II.  In the manner described in this Complaint, Defendants were negligent; and

III. Plaintiff was impacted by the incidents related to Defendants' negligence; and

IV.  Plaintiff suffered serious emotional distress of the type that a reasonable person would expect to occur; and

V.   As a direct and proximate result of the conduct referenced above, Plaintiff incurred sufferings including emotional and physical distress and financial harm; and

## J. NEGLIGENCE

## COUNT J-I:

I.   Each paragraph of this Complaint is incorporated as if restated fully herein; and

II.  Defendants had a duty to Plaintiff to act with ordinary care and prudence, so as not to allow any unlawful activity to be committed against the Plaintiff, causing distress, harm or injury to the Plaintiff; and

III. By engaging in the manner described in this Complaint, Defendant failed to act with ordinary care and breached their duty of care owed to Plaintiff; and

IV.  As a direct and proximate result of the conduct referenced above, Plaintiff incurred sufferings and fiscal harm; and

## RELIEF AND DAMAGES

## COUNT R-I:

I.   Under various Federal laws and supplemental state law claims, Plaintiff is entitled to an award of non-monetary relief, against the Defendants, that the Defendants violated one or more of the Plaintiffs constitutional, statutory and/or contractual rights; and

II.   In the wrongful acts or omissions described in this complaint, defendant acted with fraud, oppression, and malice; and

III.  By reason of Defendants' acts or omissions described in this complaint, Plaintiff is entitled to relief in the form of a declaratory judgment punitive and exemplary damages; and

IV.   If Plaintiff is entitled to injunctive relief, ordering the Defendants to cease and desist continuing to violate the Plaintiffs constitutional, statutory and contractual rights; and

## COUNT R-2:

I.    Under various Federal laws and supplemental state law claims, Plaintiff is entitled to an award of compensatory monetary pecuniary and non-pecuniary damages against the Defendants; and

II.   In the wrongful acts or omissions described in this complaint, defendant acted with fraud, oppression, and malice; and

III.  By reason of Defendants' acts or omissions described in this complaint, Plaintiff is entitled to recover punitive and exemplary damages; and

IV.   If Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorneys' fees, non-taxable expenses and costs currently estimated at $3,000,000.00.

## III. Conclusion

Plaintiff asserts in This Complaint that, the Federal Defendant(s) identified herein shall, as a peremptory challenge, invoke the protection of qualified immunity. Qualified immurity is not a right bestowed upon these certain Defendants by any law enacted by the United States Congress. Therefore, as in *Bivens,* such right is only an implied right.  However, as this Complaint is not to serve as a forum for legal argument, the Plaintiff asserts he is entitled to bring this action, complete discovery, and if for no other purpose, than to present This Complaint, and the evidence he secures, in its entirety before this bar and a jury of his peers, and to bring forth the Defendant(s) identified herein, to answer the questions of their alleged misconduct.

That is, namely did the Defendants identified herein, unlawfully violate the Plaintiffs Federal and State Constitutional, Statutory or Contractual rights and of whether Plaintiff has an implied cause of action, in which he, as a particular plaintiff and/or a member of a class of litigants that may, as

a matter of law, appropriately invoke the power of the court, to address the question of relief, as a question of the various remedies the court may make available; the Plaintiff asserts he has a cause of action, even though it may be found he is entitled to no monetary relief at all, as this Complaint asserts, Plaintiff is entitled to declaratory and/or injunctive relief, if this Complaint does not fulfill the preconditions for the equitable remedies requested herein.

Said declaratory and/or injunctive relief, shall be made free the Plaintiff from the unlawful burdens placed upon him in seeking reemployment, and to deter similar misconduct in the future and/or to petition the Supreme Court to revisit *Bivens* in this context, and/or to encourage Congress to enact legislation to further prevent its occurrence and free the judiciary to rule according to actual enacted law.

Alternatively, if it is determined the Defendants identified herein, did unlawfully violate the Plaintiffs Federal and State Constitutional, Statutory or Contractual rights, are they personally and individually liable for their actions, and if so, is the amount of monetary relief requested herein sufficient.

Thus, in conclusion, Plaintiff presents, This Complaint before this bar, pursuant to one or more violations of federal law inclusive of, but not limited to, 18 U.S. Code § 242 - Deprivation of rights under color of law, which states:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined

under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

Plaintiff, re-alleges his assertions as presented herein all things, as if fully restated herein and:

A) As a citizen of the United States, Plaintiff is protected against the misconduct asserted herein without cause or justification as guaranteed by Amendments to the United States Constitution, as also asserted to herein; and

B) As more fully described in the preceding paragraphs, the intentional conduct of Defendant(s) was objectively unreasonable and constituted multiple violations of Amendments to the United States Constitution; and

C) The misconduct described above was undertaken with malice, inclusive of malice of forethought, deliberate willfulness, and reckless indifference to the rights of the Plaintiff; and

D) As a direct and proximate result of the Defendant(s) misconduct, Plaintiff is entitled to certain damages; and

E) Plaintiff has suffered and shall continue to suffer, significant and permanent economic harm, as a result of the hereinafter described actions of the Defendant(s), which will be proven at trial,

resulting in certain economic harms, which as damages, can be reasonably be calculated based certain calculations inclusive of, but not limited to: his loss of income and benefits, loss of passive income from depletion of his retirement funds, past and future medical expenses; and

F) Plaintiff has suffered and shall continue to suffer, significant emotional and physical distress and damage, resulting in, permanent physiological and psychological injuries as a result of the hereinafter described actions of the Defendant(s); which will be proven at trial, resulting in significant and permanent economic harm, resulting in certain economic harms, which as damages, cannot be reasonably be calculated directly and is therefore entitled to certain non-economic compensation inclusive of but not limited to, his Pain and Suffering, Damage to his Reputation, his Emotional Anguish and Humiliation, The worsening of any prior existing conditions, The loss of enjoyment of activities, The loss of enjoyment of personal relationships; and

G) Plaintiff is entitled an additional substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable; and

E) As a direct and proximate result of the Defendant(s) misconduct, Plaintiff asserts he has a cause of action, even though it may be found he is entitled to no relief at all, as this Complaint shall assert and prove at trial, his entitlement to declaratory and/or injunctive relief, if this Complaint does not fulfill the preconditions for the equitable remedies requested herein.

**WHEREFORE**, Plaintiff, Lawrence Houston Hobbs, prays for judgment against Defendants, **DOE RUN CORPORATION**, the **US DEPARTMENT OF THE INTERIOR, THE US**

**BUREAU OF LAND MANAGEMENT, TIMOTHY HOWELL, MITCHELL LEVERETTE, JOHN DOE #1-10** and **JANE DOE, #11 - 21**, in a fair and just amount sufficient to compensate **PLAINTIFF** for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief, as declaratory and/or injunctive relief, as is just and equitable and currently estimated at $3,000,000.00; and

**PLAINTIFF demands a trial by jury pursuant to <u>Federal Rule of Civil Procedure 38(b)</u> on all issues so triable.**

06/06/22

"/s/" *Lawrence H. Hobbs* signed electronically
Plaintiff, *Pro Se,* Lawrence Houston Hobbs
P.O. Box 1880/1300 FM 2673
Canyon Lake, TX
78133-9998
PH: 830-313-3591
EMAIL: lhhcivaxion@gmail.com