**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAWRENCE H. HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00612-RWS |
| | ) | |
| DOE RUN CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on the motion of plaintiff Lawrence H. Hobbs for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, and for the reasons discussed below, the Court has determined that it must be denied.

### Background

Plaintiff is a self-represented litigant who has filed a civil action naming as defendants Doe Run Corporation, the United States of America, Secretary of the Interior Deb Haaland, Timothy Howell, Mitchell Leverette, ten John Does, and eleven Jane Does. (Docket No. 1). The complaint is fifty-six pages long, and contains a great deal of legal argument. As best the Court can tell, plaintiff is complaining about the termination of his employment with the Department of the Interior. Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2).

The Court notes that between April 2022 to July 2022, plaintiff filed at least ten other civil actions in various federal district courts, which appear to include at least some of the same

underlying factual allegations, and at least some of the same defendants as in the instant action.[1] One other similar lawsuit was filed in state court and removed to federal court.[2]

## Discussion

Plaintiff is a self-represented litigant who has filed a motion for leave to proceed in forma pauperis. The Clerk of Court in each district court is required to collect a filing fee from any party "instituting any civil action, suit or proceeding in such court." *See* 28 U.S.C. § 1914(a). For persons unable to pay the fee, 28 U.S.C. § 1915 allows a party to proceed in forma pauperis. *See Greaser v. State of Missouri, Dep't of Corrs.*, 145 F.3d 979, 985 (8th Cir. 1998). This statute "is designed to ensure that indigent persons will have equal access to the judicial system." *Id*. Pursuant to § 1915, a federal district court may authorize the commencement of a civil action without prepayment of the fees "by a person who submits an affidavit that includes a statement of all assets such [person] possesses." 28 U.S.C. § 1915(a)(1). *See also* E.D. Mo. L.R. 2.05(A) ("An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court. The Court may require the submission of additional information in a particular case").

In forma pauperis status, however, is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a plaintiff has to demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339

---

[1] *See Hobbs v. Stevens, et al.*, No. 2:22-cv-16-AM-CW (W.D. Tex. Apr. 1, 2022); *Hobbs v. Stanley, et al.*, No. 5:22-cv-342-XR (W.D. Tex. Apr. 7, 2022); *Hobbs v. Bauch, et al.*, No. 1:22-cv-1924 (N.D. Ill. Apr. 14, 2022); *Hobbs v. Willis, et al.*, No. 2:22-cv-467-PP (E.D. Wis. Apr. 15, 2022); *Hobbs v. Cobb, et al.*, No. 1:22-cv-1076-UNA (D.D.C. Apr. 18, 2022); *Hobbs v. Shesky, et al.*, No. 2:22-cv-492-PP (D. Wis. Apr. 22, 2022); *Hobbs v. United States, et al.*, No. 2:22-cv-26-AM-CW (W.D. Tex. May 27, 2022); *Hobbs v. Haaland, et al.*, No. 2:22-cv-721-PP (E.D. Wis. June 21, 2022); *Hobbs v. Oppenheimer, et al.*, No. 4:22-cv-290-JCH (D. Ariz. June 29, 2022); and *Hobbs v. Kendall, et al.*, No. 5:22-cv-739-FB-RBF (W.D. Tex. July 12, 2022).
[2] *See Hobbs v. Shesky, et al.*, No. 2:22-cv-680-PP (D. Wis. June 10, 2022).

(1948). The determination of whether to grant or deny in forma pauperis status under 28 U.S.C. § 1915 is within the sound discretion of the trial court. *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000).

In his motion, plaintiff asserts that he "is unemployed," that his take home pay is $0.00, and that he has expenses of $3,300 a month. The application also indicates, however, that he has $18,000 remaining from a 401K withdrawal, $20,000 in his bank account, a half interest in property worth $162,500, and a vehicle worth $25,000.[3] Based on his admitted assets, it cannot be said that plaintiff is indigent. In other words, plaintiff's motion for leave to proceed in forma pauperis belies any contention that he cannot pay for the litigation costs and still be able to provide for the necessities of life. Clearly, plaintiff has the ability to pay the filing fee in this action. Furthermore, this determination is in accord with other federal courts that have reviewed plaintiff's motions for leave to proceed in forma pauperis. *See Hobbs v. Bauch, et al.*, No. 1:22-cv-1924 (N.D. Ill. May 11, 2022) (denying plaintiff's motion for leave to proceed in forma pauperis); and *Hobbs v. Stanley, et al.*, No. 5:22-cv-342-XR (W.D. Tex. May 16, 2022) (same).

Because plaintiff does not qualify for in forma pauperis status, he is required to pay the entire filing fee before proceeding. He will be given twenty-one days in which to comply. Failure to pay the filing fee will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**.

---

[3] The Court notes that in his application for leave to proceed in forma pauperis in the United States District Court for the Western District of Texas, plaintiff also acknowledged a spouse who made $10,000 a month. *See Hobbs v. Stevens, et al.*, No. 2:22-cv-16-AM-CW (W.D. May 11, 2022).

**IT IS FURTHER ORDERED** that plaintiff must pay the entire filing fee within **twenty-one (21) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff does not pay the entire filing fee within **twenty-one (21) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

Dated this 10th day of August, 2022.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

4